WALKER, EXECUTRIX, *vs.* GOODMAN & MITCHELL.

1. In an action on the case against attorneys at law for negligence and unskillfulness in the management of a suit, a count is sufficient which alleges, after stating defendants' professional character and retainer by plaintiff, that they conducted the suit so negligently and unskillfully, "in not having a certain writ of attachment, affidavit and declaration, before then prepared by the said defendants in the said action, prepared and drawn up and filed, and made out according to the laws of said State and rules of said court, that the said plaintiff, by the said neglect, unskillfulness and default of said defendants," &c "was hindered and prevented from recovering judgment," &c., "and was forced and compelled to release and dismiss the levy of said writ of attachment," &c., "by reason whereof, the said plaintiff has been prevented from recovering her demand," &c.

2. So also, a count which alleges, that the defendants, through want of care and skill, "did dismiss the levy of a certain writ of attachment," before that

time levied on the property of the defendants therein, "and did dismiss, relinquish and release all liens which had attached or accrued by virtue of said levy," &c., and that, by means of the unskillful and negligent management of the defendants, the plaintiff "lost her said demand, and the means of recovering and collecting the same," presents a substantial cause of action.

ERROR to the Circuit Court of Chambers.
Tried before the Hon. N. COOK.

FALKNER and RICE & MORGAN, for plaintiff in error:

For the sufficiency of the declaration, see 2 Chitty's Pleading, 371 to 375. That there is no misjoinder of counts, see Church v. Munford, 11 Johns. R. 479; Jones v. Conway, 4 Yeates, 109; 1 Chitty's Pleading, 201, note 1.

The declaration shows distinctly that the attachment was prepared by the defendants, as attorneys for plaintiff; and as they undertook to prepare the writ, they are liable to the plaintiff for any injury resulting from their unskillful preparation of it. Pearson v. Gayle, 11 Ala. 281.

The defendants are equally liable for the injury resulting from their unauthorized dismissal of the levy, and release of all liens created by the levy and garnishments upon the property of the defendant in attachment; and this liability is sufficiently shown by the second count.

ALLISON & BARNES and L. E. PARSONS, contra:

The contract with an attorney to collect money, does not impose on him an obligation to sue out an attachment. Such a process is unusual to enforce the collection of money. Clay's Digest, 54, § 3; Pitts v. Burroughs, 6 Ala. 733; Paley on Agency (Dunlap's) 4 to 8.

The declaration against an attorney, for having failed to sue out a writ of attachment, or for having sued it out unskillfully, must show that he contracted to sue it out. 1 Chitty's Pleading, (7 Am. ed.) 153–4; Wilkinson v. Moseley, 18 Ala. 228; Myers v. Gilbert, ib. 467.

The declaration must show an injury, in a clear and distinct manner, so as to advise the defendant of what he is called upon to answer, that he may be enabled to make his defence. The declaration is fatal in this respect. 1 Chitty's Pleading, (7 Am. ed.) 244, 266, 273, 285, 287.

The first count is bad for duplicity, if the object is to charge

defendants with unskillfulness or negligence as to the declaration, and also as to the affidavit and attachment.    1 Chitty's Pleading, 252.

PHELAN, J.—This was an action on the case brought by plaintiff in error against the defendants, as attorneys at law, to recover damages occasioned, as it is alleged, by their want of care and skill in the management of a certain suit instituted by her against certain persons in the Circuit Court of Chambers.

The declaration contains two counts.    In the first, after stating the professional character of the defendants, and their retainer by plaintiff to conduct the suit, it is alleged, that defendants conducted the suit so negligently and unskilfully, "in not having a certain writ of attachment, affidavit and declaration before then prepared by the said defendants in the said action, prepared and drawn up and filed, and made out according to the laws of said State and rules of said court, that the said plaintiff, by the said neglect, unskillfulness and default of the said defendants, &c., was hindered and prevented from recovering judgment, &c., and was forced and compelled to release and dismiss the levy of said writ of attachment, &c.    By reason whereof, the said plaintiff has been prevented from recovering her demand," &c.

The second count alleges, that the defendants, through want of care and skill, "did dismiss the levy of a certain writ of attachment" before that time levied on the property of the defendants in the attachment suit; "and did dismiss, relinquish and release all liens which had attached or accrued by virtue of said levy," &c., "and that the said action afterwards became and was rendered wholly abortive, and of no avail;" and that, by means of the unskillful and negligent management of the defendants, the plaintiff "lost her said demand and the means of recovering and collecting the same."

There was a demurrer to each count in the declaration, and also to the whole declaration, which demurrers the court below sustained, and gave judgment for the defendants.    This decision of the court is assigned for error.

Both counts of the declaration present a good cause of action.    It may not be the strict professional duty of an attor-
42

ney, to prepare or supervise the preparation of an affidavit for an attachment, or a writ of attachment; but if he does undertake to do so, and does it so negligently or unskillfully that his client in the progress of the cause suffers an injury, by reason of such want of care and skill, the attorney is liable to an action. That it is the attorney's duty to prepare a declaration admits of no question; and here the allegation of neglect and want of skill embraces as well the declaration as the affidavit and writ. This made it sufficient, if the other words did not.

Whatever may be said of the first count, I can see no sort of objection to the legal sufficiency of the second. The allegation is, that defendants having been retained as attorneys to prosecute an attachment suit, for want of care and skill "dismissed the levy of the attachment," and "released and relinquished all liens which had accrued by reason of such levy," by which plaintiff "lost her demand and the means of recovering the same." This count undoubtedly presents a substantial cause of action against an attorney for negligence. The degree of negligence necessary to charge him is a question of fact for the jury. 2 Por. 205.

The court below erred in sustaining the demurrer to the whole declaration, and to each count.

Let the judgment be reversed, and the cause remanded.