# LORENZO STEVENS

### *v.*

# WALKER & DEXTER.

1. ATTORNEY AT LAW—*liability for neglect of duty.* A judgment, which had been recovered in the circuit court of Cook county, in this State, was placed in the hands of an attorney at law in that county, residing and doing business in the city of Chicago, to collect from the estate of the judgment debtor, the county court of Cook county having jurisdiction thereof. The claim came to the hands of the attorney after the term appointed by the administrator for the presentation and adjustment of claims against the estate, but about eighteen months prior to the expiration of two years from the granting of letters. Notice was immediately given, and the claim was presented to the county court, but its consideration postponed in order that an explanation might be made of a receipt which the attorney of the estate stated he had seen for a part of the claim. Several ineffectual attempts were afterwards made to bring the claim to a hearing. Finally, the county court dismissed the claim from the docket about eight days before the expiration of two years after the granting of letters, for want of prosecution, and because the claimant, who was a non-resident, had failed to give security for costs, and soon after ordered the administrator to make payment *pro rata* of claims already allowed, which exhausted the entire assets of the estate. The claim received very little personal attention from the attorney, he having left it almost entirely in charge of his clerk. It was not pretended there was any defense to the judgment, except to a small part of it included in the receipt: *Held,* the attorney was liable for the injury resulting from his neglect to procure an allowance of the claim in proper time to participate in the distribution of the assets of the estate.

2. An attorney at law who assumes to exercise the duties of his office in behalf of another for hire and reward, must be held to employ in his undertaking a reasonable degree of care and skill, and if injury results to the client for the want of such a degree of reasonable care and skill, he must respond in damages to the extent of the injury sustained.

APPEAL from the Superior Court of Chicago; the Hon. WILLIAM A. PORTER, Judge, presiding.

This was an action on the case, brought by Lorenzo Stevens against James M. Walker and Wirt Dexter, to recover for damages alleged to have resulted to the plaintiff by reason of

the default and neglect of the defendants to properly prosecute a claim, entrusted to them as attorneys at law, in favor of the plaintiff and against the estate of one Edwin Richards, deceased. A trial resulted in a verdict and judgment for the defendants, and the plaintiff appeals.

Mr. D. P. WILDER, for the appellant.

Mr. G. L. BARBER and Messrs. WALKER, DEXTER & SMITH, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The rules of law applicable to the relation of attorney and client, that fix their respective duties and liabilities, one to the other, are well established.

When a person adopts the profession of the law, if he assumes to exercise the duties in behalf of another, for hire and reward, he must be held to employ in his undertaking, a reasonable degree of care and skill. If injury results to the client, for the want of such a degree of reasonable care and skill, he must respond in damages, to the extent of the injury sustained. This rule commends itself to our sense of right, as a wholesome and salutary one, and one that is necessary to the protection of that large class of persons who must of necessity submit their interests to the keeping of persons who hold themselves out to the public as learned and skilled in the law.

Thus in the case of *Cox* v. *Livingston,* 2 Watts & Sargent, 103, the holder of a note placed it in the hands of an attorney, with instructions to sue on it at once, but the attorney deemed it best for the interest of the client not to bring suit on it immediately, and omitted to do so, and the note was lost by reason of the maker in the meantime becoming insolvent. It was held, that the attorney was liable, and the measure of damages was the amount that could have been realized on the note.

To the same effect is the case of *Fitch* v. *Scott*, 3 How. (Miss.) 314. In that case the court say : "the law implies a promise on the part of attorneys, that they will execute the business entrusted to their professional management, with reasonable care, skill and dispatch, and they are liable to an action if guilty of a default in either of these duties, whereby their clients are injured." Citing Chitty on Contracts, 166.

The case of *Grayson* v. *Wilkinson*, 5 S. & M. 268, is a very well and elaborately considered case. In that case the principle was recognized that if an attorney be employed to defend a suit, and fails to do so, he would be liable to the party injured, to the extent of the injury actually sustained, but if the attorney could show that the defense he was employed to make would have been unavailing, he would, at most, be liable for only nominal damages.

The case of *Walker* v. *Goodman & Mitchell*, 21 Ala. 647, lays down the same rule.

In the case of *Gilbert* v. *Williams*, 8 Mass. 51, the rule is laid down with great strictness on an exceedingly hard state of facts, but the court did not, for that reason, relax the rule. In delivering the opinion of the court, SEDGWICK, Justice, says : " there is no doubt that for any misfeasance or unreasonable neglect of an attorney, whereby his client suffers a loss, an action may be supported and damages recovered to the amount of that loss."

But it must not be understood that an attorney is liable for every mistake that may occur in practice, and held responsible for the damages that may result. If the attorney acts with a proper degree of attention, with reasonable care, and to the best of his skill and knowledge, he will not be held responsible. Some allowance must always be made for the imperfection of human judgment. *Gilbert* v. *Williams*, 8 Mass. 51 ; *Fitch* v. *Scott*, 3 How. (Miss.) 314.

The appellees in this case are attorneys at law, and were sued in that capacity.

It is averred in the declaration, that the plaintiff in the court below retained the defendants, as attorneys at law, to prosecute and recover a claim for him of the value of $3000, against the estate of Edwin Richards, deceased. That the defendants accepted the retainer, and undertook the collection of the claim, but did not prosecute the same in a proper, skillful and diligent manner, whereby the claim became wholly lost to the plaintiff.

A brief history of the case and the proceedings had in the county court of Cook County, on this claim, is important to a clear and full understanding of the errors assigned.

In April, 1862, Stevens recovered a judgment against Edwin Richards, in the circuit court of Cook county, which judgment, together with interest and costs, amounted, on the thirty-first day of October, 1865, to the sum of $2640.12. In May, 1865, Richards died, and on the eleventh day of June following, letters of administration were granted on his estate, to Sophia R. Richards. When the estate was finally settled, in November, 1867, the administratrix reported assets in her hands, in money collected, to the amount of $6794, and the debts allowed against the estate to the amount of $7086.55, excluding the claim of Mr. Stevens. At a previous term the county court had made an order on the administratrix to pay out all the funds in her hands on the debts then proved up against the estate, which exhausted the entire assets belonging to said estate, leaving nothing out of which the claim of Mr. Stevens, not then allowed, could ever be paid.

The appellant resided in Roxbury, Mass., and in October, 1865, through the hands of George H. Snelling, he placed his claim against the estate of Richards, deceased, together with his affidavit that the same was just and unpaid, in the hands of the appellees for collection. The time fixed for the presentation of claims against the estate by the administratrix, had passed before this claim was placed in the hands of the appellees. They at once gave notice to the administratrix that they would present the claim for allowance on the thirty-first day of

October, 1865. On that day the claim was presented, but Mr. King, the attorney who represented the estate, suggested that he had seen a receipt for twenty-five dollars which was to be applied as a credit on the judgment in the circut court, and thereupon the county judge refused to consider the matter further or to have the claim allowed against the estate until the receipt should be explained. From that time on, several ineffectual efforts were made to call up the case in the county court, and have the claim allowed as a debt against the estate.

The appellees seem to have given the matter very little, if any, personal attention. The care and management of the case was entrusted almost entirely to Mr. W. P. Smith, who was at that time a clerk in their office. On the third day of June, 1867, the county court, by an order, struck the claim from the docket, as the order recites, for the want of prosecution and because the claimant, being a non resident, had given no bond for costs.

Several errors are assigned on the record, but in the view we have taken of this case it will be necessary only to consider the fourth error in the series, viz: that the verdict is against the law and the evidence.

It is not necessary for us to comment on the evidence in detail. We are not satisfied with the verdict, on the evidence contained in the record. The claim of the plaintiff was founded on a judgment in the circuit court of Cook county. There was no defense whatever to it, nor is it even pretended that there was to any part of it unless the twenty-five dollar receipt should be allowed as a credit. It was in the hands of these defendants for collection for nearly or quite eighteen months prior to the time the two years allowed by statute for the settling of the estate would expire, and yet they failed to procure its allowance, and the *pro rata* share that would have come to the plaintiff was wholly lost. We can perceive no just reason or excuse in all this record why this claim was not allowed in the county court, and it certainly would have been if the defendants or either of them had given their personal attention to it.

Under the rules that we have laid down it was the plain duty of the defendants to be diligent in their care and attention to the business of their client that they had undertaken to transact, and the record fails to disclose that degree of care and attention on their part that the law undoubtedly required at their hands.

The refusal of the court to set aside the verdict and grant a new trial, for the reasons here indicated, was error, for which this judgment must be reversed and the cause remanded for a new trial.

It is but justice to these defendants, who are personally known to us to be lawyers of the highest respectability, for us to say that there is nothing in all this record which in any degree impeaches their standing as lawyers or their characters as men of undoubted integrity. It is simply an act of unreasonable neglect, or perhaps, to speak more accurately, of culpable forgetfulness on their part, for which they must, nevertheless respond in damages to the extent of the injury sustained.

*Judgment reversed.*