## Isaac L. Morrison and Herbert G. Whitlock v. Roland Burnett.

1. ATTORNEYS—*Duty to Clients.*—An attorney is required to use such skill and prudence as lawyers of ordinary ability and care would exercise, and for failing therein, he is liable to his client for any approximate damage thereby occasioned; but he is not answerable for an error of judgment upon difficult points, nor for every mistake which may occur in practice.

**Memorandum.**—Action against attorneys for a failure to discharge their duties toward clients. In the Circuit Court of Sangamon County, on change of venue from Morgan County; the Hon. JACOB FOUKE, Judge, presiding. Declaration in case; plea of not guilty; trial by jury; verdict and judgment for plaintiff; appealed by defendants. Heard in this court at the May term, 1894. Reversed and remanded. Opinion filed October 29, 1894.

### STATEMENT OF THE CASE.

This was an action on the case, begun in the Circuit Court of Morgan County, venue changed to Sangamon. The declaration averred that defendants were attorneys at law and copartners; that the plaintiff, on October 21, 1886, and

while defendants were following such profession, then and there retained and employed said defendants as such attorneys, for reward, to prosecute a certain suit in the " Probate" County Court of said Morgan county, at the October term thereof, 1886, and following terms, in the matter of the estate of Isham Burnett, deceased, and especially the petition of plaintiff in said suit; that plaintiff was a son of said Isham Burnett, deceased, and that defendants were employed to protect his rights and make him even in the distribution of his said father's estate, with the other children and heirs of said Isham Burnett, and to obtain plaintiff's distributive share of the estate of Isham Burnett, deceased; that said defendants accepted said retainer and entered upon said employment; that defendants not regarding their duty or their said retainer and employment, did not prosecute and attend to said suit and proceedings with due and proper care, but, on the contrary, attended to and managed said suit carelessly and unskillfully and without due and proper care ; that in the distribution of said estate of Isham Burnett, deceased, the plaintiff lost and was deprived of a large part of his distributive share of his said father's estate, to wit, the sum of $3,000, whereby plaintiff was hindered and prevented from recovering his said distributive share in his said father's estate; and also for the loss of a large sum of money, to wit, the sum of $500, in and about prosecuting said proceedings, to the damage of the plaintiff, $3,000.   Plea, general issue.

The cause was tried by the court, a jury being waived, resulting in a finding and judgment for plaintiff for $1,578.85, from which defendants appealed.

APPELLANTS' BRIEF, CHAS. A. BARNES, J. OTIS HUMPHREY, AND THOS. WORTHINGTON, ATTORNEYS.

An attorney is not liable for damages when he acts honestly and to the best of his ability and with reasonable and ordinary care.  Weeks on Attorneys, Sec. 290; Watson v. Muirhead, 57 Pa. St. 161.

An attorney is not held to extraordinary skill or care in the management of his client's business, but to such skill,

prudence and diligence as lawyers of ordinary skill and capacity commonly possess and exercise. Weeks on Attorneys, Sec. 293.

It is not every mistake or misapprehension of an attorney that will make him liable in an action for negligence. A mere error in judgment, a mistake upon a debatable point of law, or in the construction of a difficult statute, is not such negligence as renders an attorney liable to his client for loss sustained in consequence of such error or mistake. Weeks on Attorneys, Sec. 193. See, also, Shearman & Redfield on Negligence, Sec. 212, p. 257; Stevens v. Walker & Dexter, 55 Ill. 153; Gilbert v. Williams, 8 Mass. 51; Fitch v. Scott, 3 How. (Miss.) 314; Gibbons et al. v. Hoag, 95 Ill. 45; Story's Equity, Sec. 218; Chitty on Contracts (7th Am. Ed.), 555; 1 Parsons on Contracts (5th Ed.), 114, and cases cited; Watson v. Muirhead, 57 Pa. St. 161.

Mr. Weeks says: "An attorney is not liable for the consequences of a mistake in a point of law upon which a reasonable doubt may be entertained." Section 297. "An attorney is not responsible for a mistake in a doubtful point of law or of practice." 1st Parsons on Contracts (5th Ed.), p. 114, and cases cited. In Chitty on Contracts (7th Am. Ed., 555, Subdivision 4, Attorneys,) it is said, quoting an English authority: "It was not every neglect that would subject a man to such an action (for negligence); an attorney was only bound to use reasonable care and skill in managing the business of his client; if he were liable further, no man would venture to act in that capacity." Lord Ellenborough expressed his assent to this doctrine, and held that an attorney employed to purchase and prepare the assignment of an annuity (under an act of Parliament) before the decisions of the courts holding that the trusts in the annuity deeds must be set forth in the memorial, is not liable for negligence in having failed to point out to his employer that the annuity purchased was void, because the memorial omitted to specify the trusts." Citing the case of Baikie v. Chandless, 3 Camp. 19. In Compton v. Chandless, cited in the above case, it was held that any attorney who pre-

pared the memorial for an annuity, who failed to particularly set out the trusts in the annuity, whereby his client suffered loss, should not be held liable for damages.    In the case of Georfroy v. Dalton, 4 M. & P. 149, and 6 Bing. 461, S. C., cited in Chitty on Contracts, p. 556, Lord Chief Justice Tindal said, among other things, " he is not answerable for error in judgment upon points of new occurrence, or of nice and doubtful construction."

APPELLEE'S BRIEF, JOHN A. BELLATTI, ATTORNEY.

If injury result to a client from attorney's want of reasonable degree of skill and care, the attorney is liable for the actual amount of damages sustained.    Watson v. Muirhead, 5 Pa. St. 161; Pidgeon v. Williams, 21 Gratt. (Va.) 251; Walpole v. Carlisle, 32 Ind. 415; Harter v. Morris, 18 Ohio St. 492; Cox v. Sullivan, 7 Ga. 144; Eccles v. Stephenson, 3 Bibb (Ky.) 517; Stephens v. Walker, 55 Ill. 151; Nisbet v. Lawson, 1 Ga. 275; Rootes v. Stone, 2 Leigh (Tenn.) 650; Grayson v. Wilkinson, 5 Sm. and M. (Miss.) 268; 1 Wait's Actions and Defenses, 445.

The duties of an attorney to his clients are care, skill, diligence and integrity.    1 Am. and Eng. Ency. of Law, 958; Weeks on Attorneys, Sec. 259; Lilly v. Boyd, 72 Ga. 83.

An attorney is responsible to his client for the want of ordinary care and reasonable diligence.    1 Am. and Eng. Ency. of Law, 961; Weeks on Attorneys, Sec. 284; Stevens v. Walker et al., 55 Ill. 151; Walker et al. v. Stevens, 79 Ill. 193; Dearborn v. Dearborn, 15 Mass. 316.

The question is whether the attorney exercised reasonable skill and care.    Kemp v. Bert, 1 N. & M. 262; Montrion v. Jeffreys, 2 C. & P. 113; Shillcock v. Passman, 7 C. & P. 289; Crosbie v. Murphy, 8 Ir. C. L. R. 301; Elkinton v. Holland, 9 M. and W. 658; Lewis v. Collard, 23 L. J. C. P. 32.

Attorneys practicing in partnership are liable for negligence of each individual member of the firm.    Livingston v. Cox, 6 Pa. St. 360; Pollard v. Rawland, 2 Blackf. (Ind.) 20; Cummings v. Heald, 24 Kan. 600.

Morrison v. Burnett.

MR. PRESIDING JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The specific ground of negligence relied on by the plaintiff was that the order of the County Court made upon the petition of the plaintiff and his brother Moses and their sister Charity, was so drawn as to amount to an adjudication that by the distribution of the sum of $3,500 therein ordered among them, the petitioners were equalized with their four brothers in the distribution of the estate up to that time.

It was claimed that as a matter of fact that sum so distributed would not make them even with the other brothers and that the court did not so decide, but merely ordered that said sum, being all that was then available for distribution, should be divided between the petitioners so as to make them even with each other (they having theretofore received unequal amounts), and as far as it would go, even with the other brothers, who had received amounts equal with each other and larger than the amounts received by the petitioners, including the said sum of $3,500, and that the defendants in drawing up the order used such terms as to import—what was not intended by the court—that the heirs were all made even by the distribution of said sum, so that when the final distribution of the estate came to be made, all the seven heirs were permitted to share equally in what was then to be divided.

The order so drawn up by defendants was approved, and signed by the county judge, and was entered as the order of the court.

According to the theory of the plaintiff this order improperly permitted the other four brothers, who were still in excess of their shares, to take equal portions with him and the other petitioners in the sum left for final distribution, whereby each of the seven received $486.46.

The money thus received by the four amounted to $1,945.84, of which the proportionate share of the plaintiff could not possibly have been the sum of $1,578.85, for which he recovered judgment. It is argued, however, on his be-

half, that by the will and by the distribution made by the testator after he executed the will, and for the purpose of effecting its provisions in advance, the four brothers had received each the sum of $9,829, and that the plaintiff and the other two were each entitled to receive enough to bring them up to that figure before the four brothers should receive any more.

Conceding this to be correct, it still appears that the sum actually received by the plaintiff lacked only a little over $1,100 of his share, one-seventh of the estate, and that by this judgment he will receive some $450 more than his share.

There was considerable complication growing out of advancements made to the different children by the father at various times which he intended to charge, and which were represented by notes in some instances, and by receipts in others. Some of these written evidences were lost, and when the testator made the subsequent ante-mortem division, he caused duplicates of those lost papers to be made out, which he held in lieu of the originals. After his death some of these original notes were found and were inventoried by the administrator, and thereupon each of the four brothers who had received the larger advancements, filed petitions in the County Court asking that the ante-mortem adjustment might be confirmed, and that they might receive the original notes, etc., so found.

The court granted the prayer of these petitions whereby the ante-mortem adjustment was confirmed. Later the plaintiff and his brother Moses and sister Charity filed their petition heretofore referred to, in which they asked for similar relief, and upon this petition the order was made in preparing which the alleged negligence of the defendants occurred.

The case was still further complicated by a charge made first by the father and afterward repeated and continually urged by the four brothers, that the plaintiff had abstracted the will and other papers, together with $400 in money. This grave charge was denied by the plaintiff in his plead-

ings, but he refused to testify in regard to it, and in the end there was no evidence to sustain it. It seems pretty clear that the main effort of the plaintiff and of the defendants, acting as his attorneys, was in the first instance to clear him of this charge, and it may be that they as well as he had their attention somewhat diverted from the details of calculations in reference to the distribution of the estate.

The litigation was protracted and tedious. The report of the administrator asking for an order of final distribution came before the County Court, and the four brothers insisted that by the order made on the petition of the plaintiff and the other two, there was an adjudication that all had been made even, which view was adopted by the court, and an order was entered for a *pro rata* distribution of what remained among the seven.

From this an appeal was prosecuted by the three to the Circuit Court of Morgan County, and the cause was by change of venue afterward transferred to the Circuit Court of Sangamon County, when the judgment of the county court was confirmed. A further appeal was taken to this court, where the judgment of the Circuit Court was affirmed. On that appeal the refusal of the Circuit Court to charge plaintiff with the $400 item was assigned as a cross-error, and the point was again pressed.

An attorney is required to use such skill and prudence as lawyers of ordinary ability and care would exercise, and for failing therein, he is liable to his client for any proximate loss thereby occasioned; but he is not answerable for an error of judgment upon nice or difficult points, nor for every mistake which may occur in practice. In the present instance it is a question whether it can be shown by merely parol evidence that the order which the county judge approved and signed was not the order he intended to make, and that it was through the negligence of the attorneys that it was so drawn. Waiving the discussion of this point, we are inclined to hold that in view of the entire case, of all that transpired in the protracted controversy, which has been briefly outlined, the evidence does not show such negli-

gence as should make the attorneys liable for the loss.    We will not refer in detail to the testimony which tends to show that the plaintiff had no clear idea of what he was really entitled to and that his action misled the defendants, and that he seemed to acquiesce in what was done and made no complaint until for the first time, at the end of the controversy, which extended through five years, he was required to pay for the services of defendants and for the money they had advanced for costs in his behalf.

The supposed slip in the order of court which, though drawn by defendants, was approved by the court and objected to by no one, is all that is relied upon to support the judgment.    Regarding the whole case, it would seem to hold attorneys to an extraordinary degree of care and diligence to predicate liability upon such negligence, if negligence it be.    Had their attention been specially called to the expression in question, it can not fairly be said they should have anticipated it would receive such a construction as to bar the petitioners from further special participation in the estate.    The judgments of the County and Circuit Courts seemed to have been affirmed in view of all the orders made in the case, and while special mention is made of this, it is but a part of the whole record.    When the entire transaction is regarded, taking all the circumstances into account, we are disposed to say that the defendants ought not to be held responsible for the result.    The judgment will be reversed and the cause remanded.