JAMES O. PRIEST, Appellee, *vs.* J. RALPH DODSWORTH *et al.*
Appellants.

*Opinion filed October 26, 1908.*

1. PLEADING—*an individual demand cannot be set off against a joint demand.* In an action of assumpsit on a promissory note signed by the two defendants, a plea which attempts to set off an individual demand of one defendant against the joint demand of the plaintiff is bad, even though the other defendant pleads separately that he signed as surety only, since each plea must be complete in itself and form a distinct issue.

2. SAME—*party cannot traverse and confess and avoid in same pleading.* A plaintiff in assumpsit may in one replication traverse the defendant's plea and in another confess and avoid, but the two defenses are repugnant and cannot be embraced in the same replication.

3. ATTORNEY AND CLIENT—*burden of proof where client claims damages.* In an action of assumpsit by an attorney on a promissory note given by a client, if there is no question of fraud, bad faith or undue advantage on the part of the plaintiff, but the defendant, by his pleas, claims damages because of the alleged negligence of the plaintiff in managing the defendant's business, the defendant has the burden of proving such pleas by a preponderance of the evidence.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Morgan county; the Hon. O. P. THOMPSON, Judge, presiding.

F. L. GREGORY, and R. W. MILLS, for appellants.

J. M. RIGGS, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This was an action of assumpsit brought by appellee, (hereafter referred to as plaintiff,) against the appellants, (hereafter referred to as defendants,) to recover the balance due on a promissory note given for the principal sum of $4000. Plaintiff is a lawyer, and at the time the note

was given was practicing his profession in Jacksonville, Illinois, and the note, it is claimed by him, was given for services rendered at the time the note was given and to be thereafter rendered as attorney. The case was tried before the court without a jury and resulted in a judgment in favor of plaintiff for $1895.56. Defendants prosecuted an appeal to the Appellate Court for the Third District, where the judgment of the circuit court was affirmed, and they have brought the case to this court by further appeal.

. The trouble and litigation on account of which the note sued on was given was between members of a family, involving a mother, her son and her son's children, two of whom are defendants. It was a contest between the father and his children as to who should acquire and control the property of defendants' grandmother, who was quite aged and owned a large amount of property. The errors assigned in this court render it unnecessary for us to make any statement of the facts further than will appear from the pleadings.

Defendants pleaded separately, J. R. Dodsworth filing three special pleas and W. C. Dodsworth two. W. C. Dodsworth pleaded (1) that the note had been made and delivered to plaintiff by defendant J. R. Dodsworth before he (W. C. Dodsworth) signed it, and that there was therefore no consideration for it as to him; (2) that the note was signed by W. C. Dodsworth on the sole condition that it was to stand as security for the payment of a $500 note of J. R. Dodsworth to plaintiff. Issue was joined on these pleas. Defendant J. R. Dodsworth pleaded (1) failure of consideration for which the note was given; (2) set-off. This plea averred plaintiff was indebted to defendant in the sum of $3700 for money before that time had and received by plaintiff for the use of defendant, which sum, the plea averred, exceeded the damages sustained by plaintiff, and that defendant was willing and offered to set off out of the said sum the full amount of plaintiff's damages. And (3)

a plea of set-off. This plea averred defendant had been given by his grandmother notes of the value of $84,000; that he employed plaintiff, as his attorney, for the sum of $5000, to conduct the defense of any suit or suits that might thereafter be brought against him for the purpose of depriving him of the said notes, and that plaintiff undertook and agreed to do so, but, on the contrary, he neglected and refused to defend suits brought for the purpose of depriving defendant of said notes and negotiated a compromise of the controversy concerning them, which he induced the defendant to accept, and that plaintiff thereby so negligently and carelessly managed the business of defendant that $50,000 of said notes were lost to him, whereby he was damaged in that sum, which the plea offers to set off against the plaintiff's demand. This plea is a lengthy one, setting out the history of the litigation instituted by defendant's father concerning the notes, but we have not deemed it necessary to give its substance in full. It is called and treated by both parties as a plea of set-off. The plaintiff, by leave of court, replied double to the pleas of both defendants. Issue was joined on the first and second pleas of J. R. Dodsworth and replications were filed to the third plea. A demurrer to the fourteenth replication was carried back and sustained to said plea, and defendant abided by the plea. This replication was afterwards amended so as to apply to the first plea of J. R. Dodsworth and was filed as a replication to that plea. It is called in the record the fourteenth replication to J. R. Dodsworth's first plea.

It is contended by defendants that the court erred in sustaining the demurrer to the third plea of J. R. Dodsworth. We think the plea clearly bad. It proposed to set off an individual demand of J. R. Dodsworth against the joint demand of the plaintiff against J. R. Dodsworth and W. C. Dodsworth. This is not permissible. Demands, to be the subject matter of set-off, must be mutual between all

the parties to the action. *(Dameier* v. *Bayor,* 167 Ill. 547; *Ryan* v. *Barger,* 16 id. 28; 19 Ency. of Pl. & Pr. 757.) Defendants say the note was not signed by W. C. Dodsworth until after it was made and delivered to plaintiff by J. R. Dodsworth; that W. C. Dodsworth was not indebted to the plaintiff at the·time he signed the note but signed it as surety. The plea contains no such averments. It proposed to· set off an individual demand against a joint demand. It does not propose to set off in an action against the principal and surety a demand held by the principal against the plaintiff. The plea is not aided by the fact that W. C. Dodsworth pleaded that he had signed the note as surety. It is a well settled rule of pleading that each plea must be complete in itself and form a distinct issue. *Farnan* v. *Childs,* 66 Ill. 544.

· On the trial defendants asked and were permitted by the court to open and close the case, both in the introduction of testimony and in the argument. The court held in propositions of law, at plaintiff's request, that the burden was on defendants to prove their pleas by a preponderance of the evidence, and this it is claimed was error. It is admitted this is the general rule as to affirmative pleas, ·but counsel contend that the rule is not applicable in a suit between an attorney and client; that in such cases, on account of the fiduciary relation between the parties, the burden is on the plaintiff to disprove the pleas by a preponderance of the evidence. Undoubtedly the rule is as contended for by defendants where the controversy relates to the good faith or fraudulent conduct and practices of an attorney in using his position to secure property of his client or in taking some advantage of him. No such question is raised by the pleadings in this case. There is no denial on the part of defendants that they signed the note, nor that they knew what they were doing and what they were signing at the time they signed it. The rule contended for by defendants as to where the burden of proof lies in litigation between

attorney and client is not of universal application. In a suit by a client against his attorney for damages charged to have resulted from the negligent management of business, the burden is on the plaintiff to prove the negligence charged. "There is no presumption that an attorney has been guilty of a want of care, arising merely from his failure to be successful in an undertaking. On the contrary, he is always entitled to the benefit of the rule that every one is presumed to have discharged his duty, whether legal or moral, until the contrary is made to appear. In a suit against an attorney for negligence the burden is therefore on the plaintiff to allege and prove every fact essential to establish defendant's duty and a violation of it." (3 Am. & Eng. Ency. of Law,—2d ed.—384.) "In a suit by a client against an attorney for negligence in conducting the collection of a claim, whereby the debt was lost, the burden rests on the former to allege and prove every fact essential to establish such liability. He must allege and prove that the claim was turned over to the attorney for collection, that there was a failure to collect and that this failure was due to the culpable neglect of the attorney, and that but for such negligence the debt could or would have been collected." (Ibid. 391.) *Pennington's Exrs.* v. *Yell*, 52 Am. Dec. 262, (11 Ark. 212,) was a suit against an attorney by a client charging him with negligently failing to collect a claim placed in his hands for collection, and it was held the charge must be affirmatively proven and that the claim was a valid, subsisting claim against a solvent party. In Greenleaf on Evidence (vol. 2, sec. 148) the author, in discussing actions by clients against attorneys for damages resulting from the attorney's negligence in failing to collect a claim placed in his hands for that purpose, says: "In short, the plaintiff has to show that he had a valid claim, which has been impaired or lost by the negligence or misconduct of the defendant." These principles are applicable to the issues made by the pleadings in this case, and we

are of opinion the court did not err in holding· as law the propositions complained of.

It is contended that the court erred in overruling the demurrer of defendants to the fourteenth replication, as amended, to the first plea of J. R. Dodsworth. This, as we have said, was a plea of failure of consideration. In substance, it averred that the consideration for the note was the agreement of plaintiff that he would successfully defend and maintain defendant's (J. R. Dodsworth's) title to and possession of $84,000 in notes given him by his grandmother, and that if he (plaintiff) failed to do this he would return to said defendant said note; that by reason of the timidity, negligence and carelessness of plaintiff in maintaining said defendant's rights, defendant lost title to and possession of notes of the value of $69,000, whereby the consideration for the note sued on wholly failed. By the amended fourteenth replication plaintiff denied that the consideration for the note failed, as alleged in the plea, and denied that it was to be returned if he failed to successfully defend J. R. Dodsworth's title to the notes. It also set out with much detail the history of the trouble between the members of the·Dodsworth family, the litigation growing out of it, the employment of plaintiff, the circumstances attending the giving of the note and the purposes for which it was given, and the services rendered by the plaintiff in the controversy. It also sets out with much particularity a compromise of all controversies between the parties, effected by plaintiff and .consented and agreed to by J. R. and W. C. Dodsworth and their sister, Prudence, by which they obtained title to about $90,000 worth of their grandmother's property.

The demurrer to this replication, we think, should have been sustained. It is both a traverse and a confession and avoidance. The issue tendered by the plea was, that plaintiff failed to keep and perform his agreement to successfully defend J. R. Dodsworth's title to the notes but negligently

and carelessly failed in this regard, whereby the consideration for the note in suit failed. If the replication had admitted that the consideration for the note was the agreement set out in the plea, and sought to avoid it by setting up a compromise and settlement of the litigation by mutual agreement between the parties, the facts, or some of them, alleged in the replication would have been proper; but as the replication denies that the consideration for the note was as averred in the plea and denies that it failed, the averments as to the compromise of the controversy between the parties, and of plaintiff's services therein, meet no issue tendered by the plea. A party may file as many pleas or replications as he chooses, and they may be inconsistent with each other, but each pleading must be complete and consistent with itself and must answer the pleading it is intended as an answer to. If it is desired to put in issue the truth of the allegations of a plea, this is done by a denial of them, called a traverse. If this is not desired but it is desired to set up matter in justification or in excuse, this must be done by way of confession and avoidance. While the plaintiff may in one replication traverse a plea and in another confess and avoid, the two defenses are repugnant and cannot be embraced in the same replication. (Stephen's Pl. 137; 1 Chitty's Pl. 623; 1 Tidd's Pr. 684.) The necessity for this rule of pleading and its observance is manifest, for the reason that evidence may be admissible under a traverse that would be incompetent under a confession and avoidance, and *vice versa.*

We are of opinion the circuit court erred in overruling the demurrer to the fourteenth replication to the first plea of J. R. Dodsworth. The judgment of the circuit court and of the Appellate Court affirming the judgment of the circuit court will therefore be reversed and the cause remanded to the circuit court.

*Reversed and remanded.*