Charles DORF, Plaintiff-Appellee,

v.

John J. RELLES, Defendant-Appellant.

No. 15135.

United States Court of Appeals
Seventh Circuit.

Jan. 13, 1966.

Rexford H. Caruthers, St. Louis, Mo., Stanford S. Meyer, Belleville, Ill., Gerald M. Smith, Gordon G. Hartweger, St. Louis, Mo., for defendant-appellant, Guilfoil, Caruthers, Symington, Montrey & Petzall, St. Louis, Mo., of counsel.

Denis A. McGrady, McGrady & Madden, Gillespie, Ill., for plaintiff-appellee.

Before DUFFY, KILEY and MAJOR, Circuit Judges.

MAJOR, Circuit Judge.

This case has its genesis in an action by Dorf against Egyptian Freightways, Inc. and its agent, John William Benshoff, for the recovery of damages for personal injuries sustained as a result of a collision between an automobile driven by Dorf and a tractor-trailer owned by Egyptian Freightways, Inc. and operated by Benshoff. Trial of the case commenced September 12, 1961, in an Illinois Circuit Court before Judge Quinten Spivey, and continued for eight days. Relles, an attorney licensed to practice law in the State of Missouri, with offices in St. Louis, but not admitted in Illinois, represented Dorf throughout the litigation. He employed Senator Alan Dixon, an experienced Illinois lawyer, as an associate in the trial of the case. Attorney Carl Lee represented the defendants.

From a judgment rendered September 21, 1961, on an adverse jury verdict, Dorf by his attorney, Relles, appealed to the Illinois Appellate Court, which affirmed the judgment December 20, 1962. Dorf v. Egyptian Freightways, Inc., 39 Ill.App. 2d 2, 188 N.E.2d 103. Thereupon, Relles on behalf of Dorf filed a petition in the Supreme Court of Illinois for leave to appeal, which was denied.

The present case was commenced against Relles by Dorf by complaint filed September 10, 1963, in the same Illinois Court where the original action was tried. It was transferred to the Federal Court

on application of Relles by reason of diversity of citizenship.

The complaint alleged and the answer admitted that Dorf employed Relles as his attorney on a contingent fee basis to prosecute in a proper, skilful and diligent manner plaintiff's cause of action tried in the original case. The complaint alleged and the answer denied that in the handling and prosecution of the case Relles was negligent in some nine respects, while Dorf was at all times in the exercise of due care.

At the close of plaintiff's case, the Court, with plaintiff's consent, sustained defendant's motion for a directed verdict for want of proof as to seven charges of negligence[1] and denied it as to the remaining two. The two remaining charges, which were submitted to the jury, were:

"4 (e) Negligently failing to discuss a settlement offer received by him during the course of said trial from opposing counsel to plaintiff and discussing with plaintiff the matter of plaintiff's choice concerning the acceptance or rejection of said settlement offer, the same being to-wit the amount of $75,000.00.

"4 (f) Negligently failing to conduct proper negotiations for settlement with opposing counsel during said court trial and keep in communication concerning such negotiations with plaintiff."

Defendant at the close of all the evidence renewed his motion for a directed verdict as to the remaining two charges of negligence, which was denied. The jury found in favor of plaintiff and allowed damages in the amount of $75,000, upon which judgment was entered. Thereafter, defendant's motions for judgment notwithstanding the verdict and for a new trial were denied. Defendant appeals from this judgment.

The case here was set for oral argument December 1, 1965, and opposing counsel were duly notified. Counsel for plaintiff failed to appear. The Court heard argument by defendant's counsel, otherwise took the case as submitted on briefs.

While the contested issues are stated in numerous ways, those most essential are whether the proof of defendant's negligence was sufficient to justify submission of the case to a jury and, if so, whether the record supports a judgment in the amount of $75,000.

In view of the conclusion we have reached, it is not necessary to set forth in detail the testimony as it relates to the charges of negligence submitted. It is sufficient that it consisted of oral testimony by the respective parties as to certain conversations which took place during the trial, concerning a settlement offer made to Relles by opposing counsel and concerning negotiations, or the lack thereof, for settlement of the case. As might be expected, there was a conflict between the testimony given by Dorf, supported to some extent by members of his family, and that given by Relles, as to what was said by the parties in those conversations and what was done by the parties in connection therewith.

---

1. "4(a) Negligently failing to prepare and present plaintiff's cause of action to the court and jury in the trial of said cause in the Circuit Court of St. Clair County, Illinois.

"4(b) Negligently preparing for and presenting the direct testimony of several of plaintiff's witnesses at said trial.

"4(c) Negligently and improperly failing to exercise the proper precautions in the cross-examination of witnesses at said trial.

"4(d) Negligently failing to seek proper counsel, advice and assistance during the course of said trial.

"4(g) Negligently failing to make proper preparations and conduct the opening statement and closing argument to the jury in said trial.

"4(h) Negligently failing to communicate to plaintiff of the defendant's limited trial experience in tort cases.

"4(i) Negligently failing to advise plaintiff of the course of said trial and representing to plaintiff that there was no question as to the liability but that the only question remaining to be resolved was that of damages to be fixed by the jury in favor of the plaintiff."

We are met at once with defendant's contention that this being a diversity action expert testimony was required under Illinois law to make a prima facie case against a lawyer for negligence or malpractice in the handling of litigation. No expert testimony was offered and evidently this contention, if accepted, is decisive of this appeal.

Plaintiff's sole response to this contention, and the Illinois cases cited in support thereof, is that Relles, a Missouri attorney, was an imposter, without authority to represent plaintiff in Illinois and, therefore, is not entitled to any protection afforded by Illinois decisions. That theory permeates plaintiff's entire brief; in fact, affirmance of the judgment is sought on that basis. This argument is made notwithstanding that lack of authority by Relles to represent Dorf in the State Court action was not pleaded or relied upon in any manner.

Plaintiff's effort to escape the Illinois decisions in order to justify submission of the case to the jury is shown by a few extracts from his brief. He states, "The defendant had no status as an Illinois attorney and therefore the standard of conduct of an Illinois attorney would not be the same as an imposter, and the defendant-appellant has failed to show any case, establishing a status of the defendant as other than an imposter." He argues, "The appellant's argument that the lower court's judgment puts a lawyer in an impossible position, and other like arguments, do not reach any issue in this cause, because defendant was in fact an imposter and not a lawyer. The over-all facts and reasonable inference that can be clearly drawn therefrom are compelling in favor of the plaintiff, and demanding of a verdict against the defendant. His whole actions were not only negligent but were in fact unauthorized, illegal and wanton. This court cannot condone and reward the illegal practice of law in the State of Illinois. This is not only a case of gross negligence but one of the illegal practice of law, not the malpractice claimed by the defendant." He concludes his brief with the statement, "We are well aware of the Illinois law as to the standard of conduct of Illinois lawyers. Defendant has failed to cite any law that makes this standard applicable to non lawyers or lawyers illegally practicing in Illinois."

The contention that Relles was an imposter and thus without authority to represent Dorf is clearly fallacious. With an able Illinois attorney at his side, Relles represented Dorf in an eight-day trial before a long-time and much experienced Illinois judge, and appealed an adverse judgment to an Illinois Appellate Court. He represented Dorf from September 29, 1959, when employed, until December 20, 1962, when an Illinois Appellate Court affirmed the adverse judgment (a period of more than three years). If Relles was an imposter, it is inconceivable that all of this could have taken place without detection. While there was no issue as to Relles' authority, the fact that he was not admitted in Illinois was mentioned, to which Judge Juergens, also an experienced trial judge at both the State and Federal levels, stated in effect that a Missouri lawyer was entitled to practice in an Illinois Court "for one trial, only."

Moreover, any doubt on this score has been laid to rest by the decision of an Illinois Appellate Court, Mock v. Higgins et al., 3 Ill.App.2d 281, 121 N.E.2d 865. In response to a contention similar to that advanced here, the Court stated (page 292, 121 N.E.2d page 870):

"Plaintiff alleges that the contract is illegal and void because John S. Leahy agreed to render legal services, as provided in the contract, as he was not admitted to practice law in the State of Illinois, and that he violated the law as provided in Chapter 13, Section 1 of the Illinois Revised Statute [Jones Ill.Stats.Ann. 9.01], and then quotes the sections. However, plaintiff fails to quote Section 12 [Ill.Rev.Stats. 1953, ch. 13, sec. 12: Jones Ill.Stats.Ann. 9.12] of the same chapter, which is as follows: 'When any counselor or attorney at law, residing in any other state or territory, may desire to prac-

tice law in this state, such counselor or attorney shall be allowed to practice in the several courts of law and equity in this state upon the same terms and in the same manner that counselors and attorneys at law residing in this state now are or hereafter may be admitted to practice law in such other state or territory.' It is common knowledge that Missouri lawyers practice in the State of Illinois, and that Illinois lawyers practice in the State of Missouri, so we find no merit in the contention that the contract is void, because Mr. Leahy was not admitted to practice law in the State of Illinois."

Plaintiff argues to no good point that defendant improperly characterizes the case in this Court as one for malpractice when it was tried on the theory of negligence. The argument again is based on the claim that Relles was an imposter and not authorized to practice in Illinois. The theory appears to be that only an authorized attorney can properly be charged with malpractice. Our conclusion that Relles was authorized under Illinois law to represent Dorf, with all the rights, privileges and liabilities of an Illinois lawyer, disposes of this contention. In any event, the label has little if any significance. It makes no difference on this record whether the case be labeled an action for negligence or one for malpractice.

We now turn to the Illinois cases which have considered the relationship between an attorney and his client. It has been held in an action for negligence brought by the client against his attorney that there is no presumption that an attorney has been guilty of a want of care, arising merely from his failure to be successful in an undertaking. On the contrary, he is always entitled to the benefit of the rule that everyone is presumed to have discharged his duty, whether legal or moral, until the contrary is made to appear. In a suit against an attorney for negligence, the burden is, therefore, on the plaintiff to allege and prove every fact essential to

establish defendant's duty and a violation of it. Priest v. Dodsworth et al., 235 Ill. 613, 617, 85 N.E. 940. A lawyer does not guarantee that his judgment is infallible. Mecartney v. Wallace, 214 Ill.App. 618, 624. An attorney is not liable for an error of judgment. Morrison v. Burnett, 56 Ill.App. 129, 135. All an attorney owes to his client is good faith and reasonable skill and diligence in the prosecution of the case. Sanitary Hair Goods Co. v. Elliott, 191 Ill.App. 563.

A case subsequently discussed in some detail because of its pertinency to the instant situation is Olson v. North, 276 Ill.App. 457, wherein the Court in discussing the duty owed by an attorney to his client, stated (page 473), quoting from a former unpublished opinion:

" 'When a person adopts the profession of law, if he assumes to exercise the duties in behalf of another for hire and reward, he must be held to employ in his undertaking a reasonable degree of care and skill. If injury result to the client from the want of such a degree of reasonable care and skill, he must respond in damages to the extent of the injuries sustained. It is the duty of an attorney to bring to the conduct of his client's business the ordinary legal knowledge and skill *common to members of the legal profession,* to act toward his client with the most scrupulous good faith and fidelity, and to exercise in the course of his employment that reasonable care and diligence which is *usually exercised by lawyers.*' " (Italics supplied.)

In the instant case there was no testimony, expert or otherwise, by which a jury could determine that the conduct of Relles was not within the standard above set forth. It is not discernible how a jury, without evidence, could determine what constitutes ordinary legal knowledge and skill common to members of the legal profession. Without expert testimony, it was left to a jury of laymen to determine the reasonable care and diligence which lawyers usually exercise when confronted with the same or a similar situation.

In Olson, the Court in a forty-page opinion considered an appeal from a judgment against an attorney in a suit by his client for negligence or malpractice. The Court cited and discussed many cases both from Illinois and other jurisdictions in determining the character of proof required in such a case. The complaint consisted of two counts and it is the Court's discussion and holding with reference to the first count that is particularly applicable here. The negligence alleged in that count was "that during all the time of said employment plaintiff had kept good faith with defendant, but that the defendant had negligently, carelessly, improperly, indifferently and unskilfully failed and refused to perform his duty and to use ordinary care, caution and prudence in preparing said defense * * *." Numerous acts of negligence were alleged, typical of which was that the client furnished his attorney with the names of witnesses by whom an alibi could be established and that the attorney refused to subpoena and call such witnesses. It was alleged that as a result of the attorney's failure to follow the client's request in this and numerous other respects alleged, plaintiff was found guilty.

The Court stated the attorney's contention as follows (page 473):

"The defendant seriously insists that the trial court erred in not directing a verdict in his favor as to the first count of the declaration at the close of the plaintiff's case because there was no expert testimony to show that he did not exercise that degree of care and skill in the defense of Olson as used by other skilful and reputable lawyers in such cases."

The plaintiff in that case, evidently in an attempt to justify his failure to offer expert proof, relied upon the doctrine of res ipsa loquitur as establishing a prima facie case. The Court, after considering cases where the doctrine was sought to be applied in malpractice cases against physicians, stated (page 475):

"It will be observed from these cases that the rules of law governing the liability of persons for negligence and lack of professional skill and diligence in the practice of law and the practice of medicine and surgery are the same. This we think is the law and the rules of evidence governing the trial of cases for malpractice against a lawyer are the same as those against a doctor or dentist."

The Court (page 476) cited a number of Illinois cases for malpractice against doctors wherein it had been held that expert testimony was essential in order to make a prima facie case. Typical of the cases cited is Moline v. Christie, 180 Ill.App. 334, wherein the Court stated (page 338):

"The law seems to be well settled that the mere fact that a good result is not obtained in the cure of a wound is of itself no evidence of negligence or lack of care, but there must be affirmative proof of such negligence or lack of care, and that the injuries complained of resulted therefrom. It seems also to be settled by the authorities that such proof can only be establishd by the testimony of experts skilled in the medical and surgical profession."

The Court in Olson held that for the want of expert testimony the case should not have been presented to the jury on the first count. In doing so it stated (276 Ill.App. page 477):

"It is our opinion that the plaintiff did not make out a prima facie case supporting the first count of the declaration and the trial court erred in overruling the defendant's motion for a directed verdict as to that count of the declaration."

Plaintiff on brief takes no issue with the rule announced in Olson and other Illinois cases; in fact, such cases are ignored. Instead, he places sole reliance, as previously shown, upon the ill-founded premise that Relles was an imposter, not an attorney, and therefore not entitled to invoke the Illinois rule as announced by the decisions of its courts. For the reasons shown, the contention is rejected.

We are not unmindful of the importance of the issue presented, not only to

the parties but to all attorneys engaged in the practice of law. We are obligated to follow the reasoning of the Illinois courts and do so freely because we think the rule which requires expert testimony in a suit such as this is wholesome. If a judgment against an attorney, on a record such as is before us, can be justified, the legal profession would be more hazardous than the law contemplates. An attorney could hardly afford to take the chance of communicating with his client by any means other than in writing or by having a record made of every conversation between them. Otherwise, he would be amenable to an action for damages, oft-times by a client disgruntled because of an unfavorable result, with no way to disprove the client's version of what took place.

We hold that the Court erred in its refusal to allow defendant's motion for a directed verdict.

The judgment is

Reversed.