JAMES J. BROWN, Plaintiff-Appellant, *v.* IRA GITLIN, Defendant-Appellee.

(No. 55590;

First District—April 14, 1972.

Beryl A. Birndorf, of Chicago, for appellant.

Stone, Pogrund & Garland, of Chicago, for appellee.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

By his complaint in this action plaintiff seeks to recover his cost of certain corporate shares which he had purchased from defendant. Count I alleges fraud and asks rescission; Count II alleges that the sale was void because of defendant's failure to comply with the Illinois Securities Law. Defendant filed a third party complaint against his attorney for indemnity as to Count II.

Defendant moved for summary judgment as to Count II, and judgment was entered in his favor, with the court making the necessary finding under Supreme Court Rule 304 (Ill. Rev. Stat. 1969, ch. 110A, par. 304) which enabled plaintiff to file this appeal.

Section 4G of the Illinois Securities Law requires a "controlling person" of a corporation to report a sale of shares to the Secretary of State within 30 days. Section 13A of the Act declares that any sale made in violation of its provisions shall be voidable at the election of the purchaser. Ill. Rev. Stat. 1967, ch. 121½, pars. 137.4G and 137.13.

In September, 1969, plaintiff and defendant each owned 50% of the shares of Super Hawk Food Service, Inc. The parties agreed that plaintiff would buy all of defendant's shares for $20,000, and the money was paid to defendant. Defendant failed to file a report * with the Secretary of State under Section 4G, *supra,* and plaintiff elected to declare the sale void, tendering the shares back to defendant. The only issue raised by the parties is whether or not defendant, as the owner of 50% of the shares, is a "controlling person" within the meaning of the Act, since plaintiff owned an equal number of shares.

The dispositive statutory definition (Ill. Rev. Stat. 1967, ch. 121½, par. 137.2—4) reads:

" 'Controlling person' means any person selling a security * * * owning beneficially * * * either (i) 25% or more of the outstanding voting securities of the issuer of such security where no other

---

* The report required is confidential and is not a burdensome thing. It requires very little information, and the filing fee is $2.00.

person owns or controls a greater percentage of such securities, or (ii) such number of outstanding securities of the issuer of such security as would enable such person, or group of persons, to elect a majority of the board of directors or other managing body of such issuer."

Plaintiff contends that defendant was a "controlling person," as both conditions of subsection (i) were met by the facts of this case: defendant owned 25% or more of the shares and no other person controlled a greater percentage than he. This is quite true, and we cannot rewrite the statute to produce a different meaning, whatever purpose the legislature may have had in mind in exercising its discretion in this manner.

In support of his judgment, however, defendant argues that considering the form of the statute, if he fell within *either* (i) *or* (ii), he was exempt from filing the report, and admittedly he fell within (ii) since neither he nor plaintiff could have elected a majority of the board. In other words, defendant would have us ignore subsection (i) and decide that subsection (ii), which requires actual control, is separately applicable to his case. We cannot interpret the statute to reach that conclusion without, in our opinion, doing violence to its language and clear intent.

We are therefore forced to conclude that the trial court erred in entering summary judgment for defendant. That judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

LORENZ, P. J., and DRUCKER, J., concur.

