JAMES J. BROWN, Plaintiff, *v.* IRA GITLIN, Defendant—(IRA GITLIN, Third-Party Plaintiff-Appellant, *v.* MICHAEL I. FREEMAN, Third-Party Defendant-Appellee).

(No. 59255; ▮▮▮▮▮▮▮▮▮)

First District (4th Division)—May 22, 1974.

Sidney Z. Karasik, of Chicago, for appellant.

Donald S. Hilliker and James N. Nowacki, of Isham, Lincoln & Beale, of Chicago, for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is a third-party action for malpractice brought by Ira Gitlin in the Circuit Court of Cook County against his attorney, Michael Freeman, after a sale of closely held securities was voided because of the attorney's failure to file a report with the Secretary of State.

The issue for review is whether the judgment of the trial court in favor of the third-party defendant was against the manifest weight of the evidence.

In 1965, Ira Gitlin and James Brown organized a corporation, Super Hawk Food Service, Inc., and each held 1000 shares of stock. In August of 1969, Gitlin asked Freeman to represent him in the sale of his one-half interest in the corporation to Brown. Freeman prepared the necessary documents, including the September 2, 1969, sales agreement in which Gitlin agreed to sell his shares for $20,000. The transfer of stock took place on September 9, 1969.

On November 20, 1969, Brown served notice on Gitlin that he was electing to declare the sale void for the reason that it was not registered with the Secretary of State as required by the Illinois Securities Law of 1953 (Ill. Rev. Stat. 1967, ch. 121½, § 137.1 *et seq.*) Brown tendered the shares to Gitlin, but Gitlin chose to retain the purchase price. On November 24, 1969, Brown commenced an action against Gitlin to have the sales agreement rescinded, the purchase money refunded, and attorneys' fees reimbursed.

On September 22, 1970, the trial court ruled that Gitlin was not required under the statute to report the sale and entered summary judgment in favor of Gitlin. On appeal, the appellate court reversed (*Brown v. Gitlin* (1972), 4 Ill.App.3d 1040), and after a hearing on remand judgment was entered for Brown as follows: Brown got back his $20,000 along with $3,038 accrued interest on the purchase price; he recovered $1000 attorneys' fees and was reimbursed for $636 court costs. The 1000 shares of the corporation were ordered re-assigned to Gitlin.

The amended third-party complaint, filed on July 27, 1972, by Gitlin against his attorney alleged that Freeman did not file a report of the transfer of shares as required under section 4G of the Illinois Securities Law (Ill. Rev. Stat. 1967, ch. 121½, § 137.4G), and that the failure to file such a report constituted malpractice.

The trial court found that Freeman failed to report the sale or advise Gitlin to make such a report, but ruled he did not fail to exercise a reasonable degree of professional skill and dismissed the case as to Freeman on March 12, 1973. Gitlin appeals from that judgment.

■■ The law in Illinois is clear that an attorney is liable to his client for damages only when he fails to exercise a reasonable degree of care and skill. (*Stevens v. Walker* (1870), 55 Ill. 151; *Bryant v. Metropolitan Motorists Ass'n* (1959), 23 Ill.App.2d 261.) It is also clear the law distinguishes between errors of negligence and those of mistaken judgment. *Stevens v. Walker* (1870), 55 Ill. 151; *Morrison v. Burnett* (1894), 56 Ill.App. 129; *Dorf v. Relles* (1966), 355 F.2d 488.

At trial Freeman stated he did not read the Securities Act or consider Securities Act aspects of the case because the public was not involved.

■■■ The plaintiff contends the issue of whether an attorney is guilty of negligence is a mixed question of law and fact, and the defendant was guilty of negligence as a matter of law. In the case of *Curtis v. Johnson* (1968), 92 Ill.App.2d 141, the court stated:

> "Knowledge that the sale is 'voidable' is a mixed question of fact and law on which a layman is entitled to acquire his first knowledge from an attorney." (92 Ill.App.2d at 155.)

However, the question here is not knowledge by the client, but whether or not the attorney was guilty of negligence. In Illinois the question of whether a lawyer has exercised a reasonable degree of care and skill in representing and advising his client has always been one of fact (*Priest v. Dodsworth* (1908), 235 Ill. 613; *Sanitary Hair Goods Co. v. Elliott* (1915), 191 Ill.App. 563), and the standard of care against which a professional's actions are measured must be based on expert testimony. (*Olson v. North* (1934), 276 Ill.App. 457.) Moreover, it is plaintiff's duty to prove by a preponderance of the evidence that the defendant breached his duty to the plaintiff. (*Priest v. Dodsworth* (1908), 235 Ill. 613; *Oda v. Highway Insurance Co.* (1963), 44 Ill.App.2d 235; *Trustees of Schools v. Schroeder* (1971), 2 Ill.App.3d 1009.) To meet that duty the plaintiff offered only the expert testimony of the law partner of plaintiff's counsel. In contrast the defendant presented the testimony of three expert witnesses, each with long and distinguished legal experience in Illinois, who testified the defendant had not acted improperly. Mr. Alex Elson testified in part as follows:

"The corporate form was adjunct to this thing. But what was involved here was the sale of a business from one partner to the other. These were two men who knew each other, who had been partners for a substantial period of time, as I recall about four years. Under those circumstances I think most lawyers, if not all lawyers, would look upon it as simply the sale of a business, and it would never have occurred to them to think of the securities laws as being applicable. This was not the sale of shares to a stranger, to an outsider or to a group of people."

Mr. Marks testified in part as follows:

"I simply do not believe that a practitioner would conceive of a sale between two equal owners of stock in a partnership in corporate form would be a transaction that was covered by the Securities Law."

The trial judge found the testimony of the plaintiff's expert witness not to be credible and stated:

"He [the defendant] acted in a way which I am satisfied of the facts was commensurate with the practice of the reasonably competent lawyer in Cook County, Illinois. * * * I am also satisfied that the average reasonably competent lawyer would not have recognized securities applications here, on the main case on appeal, and I don't think I can charge him with that duty."

■■ After reviewing the record we conclude there was ample evidence to support the judgment of the trial court. Until the case of *Brown v. Gitlin*, there was no clear answer on whether this type of transaction between 50% owners of a corporation required a 4G filing. In a case such as this, error by the attorney does not constitute malpractice.

For the reasons stated, the judgment is affirmed.

Affirmed.

ADESKO, P. J., and JOHNSON, J., concur.