Abraham 1ST. Geller, J.
Defendants move to dismiss the amended complaint for legal insufficiency. Defendants are the plaintiff’s former attorneys and are here being sued for negligence or malpractice in the handling of certain contract and all:ed claims against third parties. These claims are the subject of another action now pending, undetermined, in this court. In granting, with leave to replead, a prior motion by defendants to dismiss the original complaint for insufficiency, Mr. Justice Levy wrote: ‘ ‘ Damage is an essential element in the successful pleading of a cause in malpractice, and it is conceded that if plaintiff succeeds in the collection of the debt, damage will not be recoverable save with respect to the conclusory allegation of additional legal expenses.77
In this court’s opinion, the amended complaint does not correct the deficiency pointed out by Mr. Justice Levy. Moreover, *979 the amended complaint contains allegations which are conditional and hypothetical and which indicate that the amended complaint, as pleaded, is not for a cause of action which has accrued and is ripe for suit but is rather for a cause which is potential and which may or may not accrue in the future. It is quite clear from the plaintiff’s brief in opposition to this motion that the plaintiff’s concern is that the Statute of Limitations may run against the cause of action here sought to be alleged while the contract and allied claims in connection with which the defendants here are charged with negligence are being litigated in the other action now pending. Apparently recognizing that it would be unusual to permit both actions to be litigated concurrently, plaintiff suggests that the trial of this action be deferred until after the trial of the main action. In this court’s opinion, the cause of action here sought to be asserted by plaintiff has not yet accrued and will not accrue, if at all, unless and until plaintiff sustains damage as the result of the outcome of the main action. This is recognized by the defendants, for they state in their brief that ‘ ‘ If such cause of action ever exists it will not come into being until she [plaintiff] is unsuccessful in collecting her debt against the prime defendants, and then only if she can establish that such lack of success was caused by the alleged lack of diligence of these defendants.” The Statute of Limitations does not start to run until the cause has accrued (Civ. Prac. Act, § 11). Since damage is an essential ingredient of the cause and plaintiff has not made allegations of ultimate fact establishing any present damage, it would seem that the cause of action sought to be alleged has not yet accrued and is premature. Its accrual depends upon a contingency, namely, the outcome of the main suit. I am aware of the general rules that the sufficiency of a complaint does not depend upon precise allegations as to the amount or measure of damages and that damages accruing subsequent to the commencement of an action which are causally traceable to the wrong alleged in the complaint are recoverable. But to make out a cause of action in the first instance, facts must be alleged showing that some damage has been sustained.
The motion is granted.