CHICAGO RED TOP CAB ASSOCIATION, INC., Plaintiff-Appellant, *v.* LEWIS P. GAINES, Defendant-Appellee.

First District (4th Division)    No. 76-563

Opinion filed May 19, 1977.

Anthony Intini, III, and Angelo D. Mistretta, Ltd., both of Chicago, for appellant.

Frederic L. Goff and John W. Gustafson, both of Chicago, for appellee.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a summary judgment entered by the circuit court of Cook County in favor of attorney Lewis P. Gaines (defendant). The original action was brought by Chicago Red Top Cab Association,

Inc. (Red Top Cab) against the defendant for negligence in the handling of a case, or for professional malpractice.

The issue presented for review is whether Red Top Cab has shown a genuine issue existed as to whether it was damaged as a result of the defendant's conduct.

On December 2, 1975, Red Top Cab filed an amended complaint alleging the plaintiff was damaged by reason of the failure of the defendant to perfect an appeal from the Industrial Commission to the circuit court from a decision adverse to the plaintiff herein, holding a relationship of employer and employee existed between plaintiff and one of its cab drivers, Robert Henny, the applicant before the Industrial Commission.

On December 3, 1975, defendant responded to the amended complaint by filing a motion for summary judgment supported by a transcript of the testimony given before the Industrial Commission in connection with Henny's claim. The thrust of the motion was there could be no actionable malpractice unless the client was damaged and there was no damage since a further appeal would be futile. The trial court granted the motion and entered a judgment against the plaintiff.

Red Top Cab's complaint alleges the defendant was negligent or careless in that he failed to perfect the plaintiff's right to review from the Commissioner's adverse ruling and failed to inform the plaintiff of the statutory time period within which it could safeguard its interests on appeal.

■■ A malpractice action by a client against his attorney is an action for damages and has no basis unless the client has sustained a monetary loss as the result of some negligent act on the part of the lawyer. (*Trustees of Schools v. Schroeder* (1971), 2 Ill. App. 3d 1009, 278 N.E.2d 431.) In other words, negligence even if proved is not actionable without resulting damage.

The only issue before the Industrial Commission was whether the relationship of employer and employee existed between the applicant, Henny, the cab driver, and Red Top Cab. The arbitrator found such relationship existed and on review the Industrial Commission affirmed. The transcript of the evidence before the Industrial Commission is included in full in the record. This includes the lease agreement between Henny and Red Top Cab.

■■ ■ The burden is on the plaintiff to establish that it would have been successful in the prosecution of the appeal to the circuit court. We have examined the record very carefully and it appears no argument has been advanced to support any such proposition here. We hold, therefore, the court below properly found there is no genuine issue as to whether the

334

plaintiff suffered any damage as the result of the defendant's conduct, and summary judgment was properly granted.

For the foregoing reasons the judgment of the circuit court of Cook County is hereby affirmed.

Affirmed.

LINN and ROMITI, JJ., concur.