405 A.2d 493

**John F. SCHENKEL, Appellant,**

**v.**

**Herbert MONHEIT.**

Superior Court of Pennsylvania.

Argued Sept. 14, 1978.

Decided May 25, 1979.

William L. Keller, Philadelphia, for appellant.

Glenn C. Equi, Philadelphia, for appellee.

Before CERCONE, President Judge, and SPAETH and LIPEZ, JJ.

CERCONE, President Judge:

This complaint in trespass was initiated by appellant, John F. Schenkel, who alleged that appellee, Herbert Monheit, Esq., negligently handled a tort action entrusted to him by appellant. The lower court granted appellee's motion for summary judgment in the instant case, because the court found that appellant was not damaged by appellee's alleged malpractice. We have reviewed the record and find that the decision of the trial court was justifiable. Therefore, we affirm the lower court's summary judgment for appellee.

Briefly stated, these are the facts upon which the instant case is based. On January 9, 1969, appellant was injured in an automobile accident when his vehicle was struck from behind by a car driven by one Charles Salem. Appellant

thereafter retained appellee as his attorney to prosecute appellant's civil action against Salem. When appellee filed this action, he did not join Salem's employer, Wintz Brothers Construction Company, as defendants. Appellant claims that at the time of the accident, Salem was "on the job" and was within the scope of his employment for Wintz Brothers and that Wintz Brothers should have been joined as defendants. Appellant's dissatisfaction with appellee's handling of the personal injury action led appellant to dismiss appellee before trial and retain other counsel to complete the case. New counsel filed the present malpractice action on appellant's behalf on September 19, 1973, well before the jury's verdict in the personal injury case, which verdict was returned on December 14, 1976. In the personal injury case, the jury awarded appellant $9,500.00 in damages. No appeal was taken challenging the adequacy of this verdict and, since Salem was insured for $10,000.00, appellant was able to collect the entire judgment from Salem's insurance company. The judgment was listed as satisfied on March 16, 1977.

Appellant now alleges that the jury would have awarded him a larger verdict in the personal injury action if the corporate employer had been joined as a defendant. In support of his contention, appellant refers to a conference called by Judge Stanley Greenberg, trial judge in the personal injury action. In attendance at this meeting were counsel for appellant and counsel for defendant Salem. (Appellee had no representative at that meeting.) Judge Greenberg, when informed of the pending malpractice suit, attempted to negotiate a settlement between appellant and Salem. During the negotiations, Judge Greenberg expressed the opinion that the case had a settlement value in the area of $75,000.00. Frank Jakobowski, an attorney from Salem's insurance company, said that he felt that if there were adequate insurance coverage, the case might have a settlement value of $25,000.00. Appellant claims that these two estimates establish that the jury verdict did not adequately cover his damages.

■ The issue of damage assessment in cases of professional negligence has not been squarely addressed by the appellate courts of this state, although other jurisdictions have treated this question. There are three essential elements which must be established to bring a cause of action for professional negligence. These are:

"1. The employment of the attorney or other basis for duty;

2. The failure of the attorney to exercise ordinary skill and knowledge; and

3. That such negligence was the proximate cause of damage to the plaintiff."

R. Mallen & V. Levit, *Legal Malpractice* 123 (1977).[1]

■ The issue in the present action centers on the third of these factors, i. e., whether appellee's alleged negligence was the proximate cause of damages to appellant. Proof of damages is as crucial to a professional negligence action for legal malpractice as is proof of the negligence itself.

"The mere breach of a professional duty, causing only nominal damages, speculative harm, or the threat of future harm—not yet realized—does not suffice to create a cause of action for negligence. Hence, until the client suffers appreciable harm as a consequence of his attorney's negligence, the client cannot establish a cause of action for malpractice." *Budd v. Nixen,* 6 Cal.3d 195, 98 Cal.Rptr. 849, 852, 491 P.2d 433, 436–437 (1971).[2]

1. See generally, D. Stern, *An Attorney's Guide to Malpractice Liability* (1977); 7 Am.Jur.2d Attorneys at Law, § 167 et seq. (1963). Accord, *Zalta v. Billips,* 81 Cal.App.3d 183, 144 Cal.Rptr. 888 (1978); *Pusey v. Reed,* 258 A.2d 460 (Del.Super.1969); *Adams, George and Wood v. Travelers Ins. Co.,* 359 So.2d 457 (Fla.App.1978); *Thompson v. Erving's Hatcheries, Inc.,* 186 So.2d 756 (Miss.Sup.1966); *Harding v. Bell,* 508 P.2d 216 (Or.Sup.1973); *Hansen v. Wightman,* 14 Wash. App. 78, 538 P.2d 1238 (1975).

2. Accord, *Brosie v. Stockton,* 105 Ariz. 574, 468 P.2d 933 (1970); *Becker v. Julien, Blitz & Schlesinger, P.C.,* 95 Misc.2d 64, 406 N.Y. S.2d 412 (N.Y.Sup.1977); *Thompson v. D'Angelo,* 320 A.2d 729 (Del.Sup.1974); *Chicago Red Top Cab Ass'n, Inc. v. Gaines,* 49 Ill.App.3d 332, 7 Ill.Dec. 167, 364 N.E.2d 328 (1977).

In appellant's case, the failure to join the corporate employer should not have affected appellant's damages. The tort was the same in this case, whether or not the corporate employer was a party to the action. The actual tortfeasor, Salem, was made a defendant; the corporate employer would only arguably be liable under agency principles, not as an independent tortfeasor. Joinder of the corporate employer would simply have increased the number of parties against whom appellant could enforce any judgment he received. Additionally, the jury had no way of knowing that the upper limit of Salem's insurance was $10,000.00 so this could not have figured into the jurors' assessment of appellant's damages.

We do not know the extent of appellant's injuries, but regardless of what those might be, if appellant felt that the verdict was inadequate he should have challenged it by making a motion for a new trial on the issue of damages. It is the role of the factfinder to assess damages, but if the award given is inadequate a new trial on the issue of damages will be granted upon motion. We cannot now look to two isolated estimates of damages made during a conference between those parties to the personal injury action and say that one of these statements correctly establishes appellant's damages; to do so would be mere speculation, and the widely disparate assessments only serve to buttress this fact. Appellant's proper course of action would have been to first challenge the adequacy of the jury's verdict and seek a new trial on the issue of damages. Since appellant did not challenge the adequacy of the verdict, and since Salem's insurer paid the full amount of the verdict to appellant, appellant has failed to establish that he was damaged by appellee's alleged negligence. The lower court, therefore, was correct in granting appellee's motion for a summary judgment and we affirm that decision.

Judgment affirmed.

SPAETH, J., concurs in the result.