374 So.2d 243 (1979)
Marjorie L. GOLDEN
v.
Watkins B. DUGGINS, Jr.
No. 51230.
Supreme Court of Mississippi.
August 22, 1979.
Loyacono & Field, Paul Kelly Loyacono, Vicksburg, for plaintiff/appellant.
Pyles & Tucker, Dixon L. Pyles, Jackson, for defendant/appellee.
Before PATTERSON, C.J., and SUGG and WALKER, JJ.
PATTERSON, Chief Justice, for the Court.
Marjorie L. Golden appeals from an order of the Circuit Court of Warren County sustaining a motion for judgment non obstante veredicto. The motion of Watkins B. Duggins, Jr. was sustained because the legal malpractice suit against him was prematurely *244 brought. The issues are whether the court erred in sustaining the motion and whether appellee's representation of Mrs. Golden was less than the standard for the legal profession.
Mrs. Golden is a resident of Vicksburg, Warren County, Mississippi. She was injured in an accident near Tallulah, Louisiana on January 8, 1974, when her automobile was struck by a set of dual wheels which had broken loose from a truck operated by an employee of Cox Manufacturing Company, a Louisiana corporation. Subsequently, on February 13, 1974, Mrs. Golden and her husband retained attorney Duggins to prosecute her claim for personal injuries and property damage. They entered into a contingent fee arrangement whereby Duggins was to represent her in her claim against Cox Manufacturing Company, any person, firm or corporation believed to be liable in the accident.
In September 1974 Mrs. Golden came to Duggins' office in response to his request to discuss a settlement of her claim. Otto Buehler, the senior claims adjuster for Maryland Casualty Company, had previously contacted Duggins with reference to a compromise within a range of $10,000 to $15,000. After consultation, Maryland Casualty Company's offer was refused by Mrs. Golden and Duggins.
Duggins testified he had been in contact with Buehler on several occasions during his representation of Mrs. Golden and had been requested by him that suit not be filed against Cox Manufacturing Company until his client had reached maximum medical recovery, at which time a settlement would be negotiated. In July 1975 Duggins advised the Goldens of recent correspondence from Buehler informing him the Louisiana one-year statute of limitations had run, thereby barring her claim against Cox Manufacturing Company. According to Mrs. Golden, Duggins asked her to "bear with him" and permit a suit to be filed in the federal court.
On February 19, 1976, Duggins associated Dixon Pyles, an attorney of Jackson, Mississippi, in a suit filed on behalf of Mrs. Golden in the Circuit Court of the First Judicial District of Hinds County, Mississippi. The suit was against Cox Manufacturing Company and its insurer, Maryland Casualty Company, in tort for the accident in Louisiana and in fraud against Otto Buehler, Maryland's agent, for his alleged misrepresentations that settlement would be made when Mrs. Golden reached maximum recovery.
In the meantime, Mrs. Golden had become dissatisfied with attorney Duggins and had retained attorney Paul Loyacono to represent her. Duggins maintains he was not informed of Loyacono's representation and Mrs. Golden contends she had no knowledge of the suit in Hinds County until Loyacono advised her of it.
Thereafter, Mrs. Golden instructed Loyacono to settle the circuit court suit if such could be done, whereupon Loyacono informed Duggins that he had been discharged as counsel for Mrs. Golden and that he, Loyacono, would proceed with the suit against Maryland Casualty Company and Cox Manufacturing Company and Buehler. He also advised Duggins that if his efforts in the suit were successful, Mrs. Golden would not file a malpractice suit against him, but if unsuccessful, such suit would be instituted.
Thereafter, Maryland Casualty Company had the circuit court suit in Hinds County removed to the Federal Court of the Southern District of Mississippi. On May 21, 1976, Duggins and Pyles moved for release as plaintiff's counsel in the federal court. This motion was sustained with directions to Duggins and Pyles to notify all interested parties of a pretrial conference in Mrs. Golden's case against Maryland Casualty, Cox Manufacturing and Otto Buehler. The pretrial conference was held on July 9, 1976, with Chief Judge Dan Russell presiding. He dismissed the suit without prejudice on defendant's motion for failure of the plaintiff to appear.
On July 30, 1976, Mrs. Golden filed suit against Duggins in the Circuit Court of Warren County for legal malpractice. Attorney Loyacono represented her in this action. *245 At the conclusion of the evidence, a verdict of $45,000 was returned for the plaintiff. Defendant Duggins then filed a motion for a judgment n.o.v. which was sustained by the court. The court reasoned the malpractice suit was premature and that the plaintiff was estopped at the time to assert it against Duggins.
Later, Mrs. Golden filed a suit in the Federal Court for the Southern District of Mississippi against Cox Manufacturing Company, Maryland Casualty Company and Buehler. It embraces a cause of action arising from the same accident against the same defendants. This suit remains a viable cause in the federal court until this date.
We are of the opinion the first assignment of error is without merit. It was within the trial court's discretion to consider the propriety of the jury's verdict upon the motion for a judgment n.o.v. In Paymaster Oil Mill Co. v. Mitchell, 319 So.2d 652, 657 (Miss. 1975), we reannounced the established rule that in considering a motion for a judgment n.o.v. the trial court properly considers the nonconflicting evidence of both parties just as it would do in considering a motion for a peremptory instruction, and if it appears there is no conflict of fact for the jury to resolve, the cause is terminated by a peremptory instruction for the defendant.
The testimony presented to the trial court did not conflict in essential fact. It was stipulated that the one-year statute of limitations of Louisiana where the accident occurred had been permitted to expire by the attorney/appellee without filing suit in that state. The trial court concluded the suit was prematurely brought and the motion for a peremptory instruction should have been sustained because the plaintiff was not precluded from filing suit on her claim in other courts.
We are of the opinion the trial court correctly sustained the motion because there were other legal avenues open to the plaintiff for recovery, one of which was the federal court of this state. Attorney Loyacono was advised of the pretrial conference concerning Mrs. Golden's suit which had been removed from the Circuit Court of Hinds County to the Federal Court for the Southern District of Mississippi, and neither he nor Mrs. Golden appeared, thereby suffering a dismissal without prejudice.
A federal suit has since been filed in Mrs. Golden's cause of action by attorney Loyacono as this Court was advised in oral argument. It has not been brought to a conclusion and if the plaintiff is successful in it, there remains the probability she will not have been injured by Duggins' alleged inattention to her claim. We think citation of authority unnecessary to support the obvious.
We do not reach the question of whether Duggins' representation of Mrs. Golden is less than the appropriate standard of the legal profession because that question will remain for a decision of a trial court if and when such suit is filed against him. Presently, it would be premature in view of the pending federal suit.
We are of the opinion the circuit court was correct in its conclusion the cause was prematurely brought and in dismissing it without prejudice.
Affirmed.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.