LEONARD BRONSTEIN, Plaintiff-Appellant, *v*. KALCHEIM & KALCHEIM, LTD., Defendant-Appellee.—(CHARLES I. CALISOFF, Defendant.)

First District (1st Division)    No. 79-1632

Opinion filed November 24, 1980.

Howard Joseph, of Chicago, for appellant.

O'Brien, Carey, McNamara, Scheuneman & Campbell, Ltd., of Chicago (Barry T. McNamara and Laura DiGiantonio, of counsel), for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

This is an appeal from the dismissal of plaintiff Leonard Bronstein's amended complaint to enforce an implied indemnity agreement against defendants, Kalcheim & Kalcheim, Ltd., and Charles I. Calisoff.

In his amended complaint, plaintiff alleged that defendant attorneys Kalcheim & Kalcheim, Ltd., represented him in a divorce action. The judgment of divorce entered March 31, 1976, provided that plaintiff pay to his wife, Lenore Bronstein (Lenore), as permanent alimony, support and maintenance for herself and the minor child of the parties, the sum of

$18,000 per year, payable at the rate of $1500 per month. Plaintiff further alleged that after the entry of judgment in the divorce action, Kalcheim & Kalcheim, Ltd., and the defendant Calisoff, attorney for plaintiff's wife, represented to plaintiff that if he were to agree to pay Lenore an additional sum of $14,000, that amount, as it related to Federal income tax liability, would be includible in Lenore's gross income and deductible from plaintiff's gross income in the year paid. That payment was meant to satisfy $10,000 in attorney's fees owed Lenore's attorney and to satisfy $4000 of certain marital debts and obligations. Plaintiff alleged that defendants held themselves out to be experts in the field of Federal income tax law and that, in reliance on defendants' representations, on May 24, 1976, he agreed to the entry of a supplemental judgment for divorce, which provided that he pay to Lenore $14,000 as additional alimony. The supplemental judgment further provided that $10,000 of the additional payment was to be distributed to Lenore's attorney and the remaining $4,000 was to be used to pay certain outstanding marital debts and obligations.

Plaintiff also alleged in his amended complaint that he did pay the sum of $14,000 to Lenore and deducted the $14,000 as alimony on his 1976 Federal income tax return. Agents of the Internal Revenue Service disallowed the deduction in the course of an audit of plaintiff's 1976 Federal income tax return, on the basis that the deduction was not the kind of payment contemplated by the applicable section of the Internal Revenue Code. Michael Kalcheim, of Kalcheim & Kalcheim, Ltd., then represented plaintiff before the Appeals Division of the Internal Revenue Service. Plaintiff made demand upon defendant Kalcheim & Kalcheim, Ltd., that it either provide the Internal Revenue Service with proof of precedent for deductibility of the disputed payment or arrange with plaintiff to make him whole at least by an undertaking to relieve plaintiff of the tax liability. Plaintiff's amended complaint further alleged that Kalcheim & Kalcheim, Ltd., did not respond to plaintiff's demand. Michael Kalcheim allegedly contacted the appeals officer, was rude to her, refused to deal with the problem rationally and instructed her to issue a notice of deficiency. A notice of deficiency in the amount of $7,252.05 was thereafter issued. Plaintiff asserted in his amended complaint that defendant's tax advice had been in error and that this error may well have been deliberate and therefore malicious.

Plaintiff further alleged that defendant had, by its acts, impliedly indemnified him to the extent of the tax savings he would have had if his deduction had been allowed. He alleged that the issuance of the notice of deficiency had the effect of placing upon him the burden of either paying the additional tax or filing a petition in the United States Tax Court to contest the determination of the Internal Revenue Service. Plaintiff stated

that because he was without funds, confirmation by the tax court of the deficiency would in all probability result in levies on plaintiff's property.

Plaintiff prayed that the trial court (1) order defendants to represent plaintiff in the tax proceedings concerning the deficiency and order defendants to pay any assessment made upon plaintiff in the future by the Internal Revenue Service with regard to the deficiency, (2) find defendants to have been negligent and to pay plaintiff damages arising out of such negligence, (3) order $150,000 be awarded plaintiff in exemplary damages, (4) order that plaintiff be awarded costs and attorney's fees, and (5) order any other appropriate relief.

Defendant Kalcheim & Kalcheim, Ltd., filed a motion to dismiss plaintiff's cause of action on the grounds that injunctive relief was clearly unwarranted and that no breach of duty or damages had been shown. The trial court dismissed plaintiff's amended complaint and entered judgment for defendant Kalcheim & Kalcheim, Ltd. Plaintiff appeals, contending that the trial court erred in dismissing plaintiff's amended complaint because (1) a principal has a right of action against his agent for loss or damage resulting from the agent's breach of duty or wrongful act; (2) if an agent disobeys the reasonable and lawful instructions of the principal, causing loss or injury to the principal, the agent is liable for such damages; (3) a client has a right of action against his attorney for negligence or obvious carelessness in the attorney's failure to meet the duty of care owed by him to his client; and (4) an implied contract of indemnity arises in favor of a person who, without fault on his part, has been placed in a position of potential liability by the act or omission of the person from whom he is seeking indemnification.

Plaintiff's first three assertions attempt to establish that the trial court erred in dismissing his amended complaint because defendant Kalcheim & Kalcheim, Ltd., breached a duty owed plaintiff and such breach of duty resulted in a loss to plaintiff.

■■ Illinois law is clear that an attorney is liable to his client only when he fails to exercise a reasonable degree of care and skill; he is not liable for mere error in judgment. (*Smiley v. Manchester Insurance & Indemnity Co.* (1978), 71 Ill. 2d 306, 375 N.E.2d 118.) An attorney is presumed to have discharged this duty and the burden is on plaintiff to allege and prove every fact essential to establish defendant's duty and a violation of it. (*Priest v. Dodsworth* (1908), 235 Ill. 613, 85 N.E. 940; *Brown v. Gitlin* (1974), 19 Ill. App. 3d 1018, 313 N.E.2d 180.) Furthermore, the extent of damages must be affirmatively shown because the attorney is liable only for the actual injury which his client has sustained. *Chicago Red Top Cab Association, Inc. v. Gaines* (1977), 49 Ill. App. 3d 332, 364 N.E.2d 328; *Goldzier v. Poole* (1899), 82 Ill. App. 469.

■■ We need not reach the issue of defendant's alleged negligence

960

because we find that plaintiff's action here is premature. The issuance of the notice of deficiency does not establish the plaintiff has suffered a loss. Furthermore, because plaintiff's tax liability has not yet been determined in the Tax Court, it is clear that plaintiff has not yet suffered any actual loss. See *Golden v. Duggins* (Miss. 1979), 374 So. 2d 243; *Marchand v. Miazza* (La. App. 1963), 151 So. 2d 372; *Wright v. Diebold* (1961), 28 Misc. 2d 978, 217 N.Y.S.2d 238.

Plaintiff's final contention is that the trial court erred in dismissing his amended complaint because an implied contract of indemnity arose in favor of plaintiff who, without fault on his part, has been placed in a position of potential liability by the act or omission of defendant from whom he is seeking indemnification.

■■ We find that plaintiff's amended complaint fails to state a cause of action for indemnity. The amended complaint here "does not suggest [plaintiff] enjoys some contractual right to indemnity in these circumstances * * * [citation] or point to any principal [*sic*] of respondeat superior giving rise to indemnity rights in this case [citation] nor does it allege these parties are joint tortfeasors and assert that [plaintiff's] claimed right to indemnity is implied in law under the theory of active-passive negligence." (*City of West Chicago v. Clark* (1978), 58 Ill. App. 3d 847, 854, 374 N.E.2d 1277.) Because no theory of indemnity applies to the facts in this case, the trial court properly dismissed plaintiff's amended complaint.

The judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and CAMPBELL, J., concur.