FARM CREDIT BANK OF ST. LOUIS, Plaintiff, v. BRUCE GAMBLE *et al.*, Defendants (Bruce Gamble, Third-Party Plaintiff-Appellant; Reynelds M. Everett, Jr., *et al.*, Third-Party Defendants-Appellees).

Third District   No. 3—89—0398

Opinion filed May 4, 1990.

Charles E. McFarland, of Newton Falls, Ohio, for appellant.

David E. Jones, of Thomas & Hinshaw, Culbertson, of Peoria, and Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Kathryn A. Spalding, of counsel), for appellees.

JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a Henry County circuit court judgment dismissing defendant third-party plaintiff Bruce Gamble's (Gamble's) third-party action against third-party defendants Reynolds Everett (Everett) and Everett & Young, P.C. (Firm).

The record shows that on July 16, 1981, Gamble and other family members obtained a loan for $276,300 from the Farm Credit Bank of St. Louis (Bank) to purchase a farm in Stark County. As collateral, Gamble pledged a property in Stark County and a Henry County farm owned by Mary Gamble, his mother. Gamble allegedly failed to make the mortgage payments, and the bank filed foreclosure actions in the Stark County and Henry County circuit courts against Gamble and others. The two cases were consolidated.

Gamble answered the complaint with affirmative defenses and filed this third-party complaint against Everett and his firm. Gamble contends the mortgage and note were void as against public policy because his mother's farm was pledged as collateral through Gamble's fraudulent use of a power of attorney. Gamble also claimed the mortgage and note were void because he was fraudulently induced by the bank, Everett, and his firm to sign the mortgage. Gamble's third-party complaint alleged, *inter alia*, fraud and legal malpractice on the part of Everett and his firm.

Everett and his firm filed a motion to dismiss the third-party complaint. The trial court granted the motion and dismissed the third-party complaint with prejudice and without leave to replead. The court noted that Gamble has not and cannot state a cause of action against Everett or the firm. On June 9, 1989, the trial court made a finding pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)), making the judgment of dismissal appealable.

■ Initially, Gamble asserts that his third-party complaint sufficiently sets forth the elements to state two causes of action; fraud and legal malpractice. This court is aware that all well-pleaded facts must be taken as true on a motion to dismiss. (*Kenworthy v. Young*

(1979), 70 Ill. App. 3d 144, 388 N.E.2d 217.) We are also aware that a third-party complaint will be dismissed where the third-party plaintiff cannot demonstrate that he is entitled to relief. *Burke v. Sky Climber, Inc.* (1974), 57 Ill. 2d 542, 316 N.E.2d 516.

In the instant case, we need not address the issue of whether Gamble was fraudulently induced into entering into this mortgage because, for similar reasons, we find Gamble's action for both it and legal malpractice to be premature.

■ Gamble asserts that he sufficiently alleged a cause of action in legal malpractice against Everett and his firm. In order to state a cause of action for legal malpractice the plaintiff must plead the existence of an attorney/client relationship; a duty arising from that relationship; a breach of that duty; causation and actual damages. (*Bartholomew v. Crockett* (1985), 131 Ill. App. 3d 456, 475 N.E.2d 1035.) Damages are never presumed, and the plaintiff must, therefore, demonstrate that he has sustained a monetary loss as the result of some negligent act on the lawyer's part. *Chicago Red Top Cab Association, Inc. v. Gaines* (1977), 49 Ill. App. 3d 332, 364 N.E.2d 328.

In *Bartholomew*, the plaintiff was a State employee injured in a motor-vehicle collision while working in the course of her employment. She sued the driver of another vehicle involved in the collision seeking to recover for her injuries. That driver, however, was an employee of the board of trustees of the University of Illinois who was also working in the course of his employment. The plaintiff joined a former attorney as a party defendant, alleging that he had committed malpractice for failing to timely file a claim with the Court of Claims against the defendant's employer. The circuit court dismissed the complaint as to both defendants. That court ruled that no cause of action was stated against the other driver because both the plaintiff and the driver were employees of the same employer operating in the course of their employment and were barred from suing each other for tort thus occurring based on the fellow-servant rule of section 5(a) of the Workers' Compensation Act (Ill. Rev. Stat. 1987, ch. 48, par. 138.5(a)).

On appeal, the *Bartholomew* court reversed the dismissal of the negligence counts, holding that the State and the board of trustees were sufficiently different entities to negate operation of section 5(a) of the Workers' Compensation Act. That court, however, affirmed the dismissal of the legal malpractice count. The court deemed the malpractice count to be premature because damage would not occur to the plaintiff-employee from the failure to file in the Court of Claims unless and until she was unable to receive full compensation for her

injuries in her revived common law action.

■ Similarly, Gamble at this point cannot demonstrate that he was injured by Everett's advice. Gamble's damage allegations are that he suffers contingent liability to the heir of his mother's farm, Alfred Greiert, his present liability in the foreclosure action, and the damages resulting from his having to defend himself in the foreclosure action. Gamble alleges that the damages he has incurred in the still pending foreclosure action are a direct result of Everett's advice. We fail to see, however, how this allegedly bad advice has anything to do with Gamble's alleged failure to make a mortgage payment. We find that Gamble was not damaged by Everett and the firm with respect to his possible liability to the bank in the pending foreclosure proceeding. Moreover, with respect to the contingent liability to Greiert, we find these alleged damages to be speculative. What Gamble essentially argues is that he may be held liable to Greiert in the event that Greiert successfully sues him for breach of a fiduciary duty. Gamble's malpractice action against Everett and the firm, however, is an action for damages and has no basis unless Gamble has sustained a monetary loss as the result of some negligent act on the part of Everett or the firm. *Chicago Red Top Cab Association, Inc. v. Gaines* (1977), 49 Ill. App. 3d 332, 364 N.E.2d 328.

■ Gamble's speculation that Greiert may at some point bring a cause of action against him is only speculation. Actions in legal malpractice must be based on damages incurred. (*Bronstein v. Kalcheim & Kalcheim, Ltd.* (1980), 90 Ill. App. 3d 957, 414 N.E.2d 96.) Therefore, because Gamble has not incurred damages at this juncture, we find that this foreclosure action is not the proper forum for Gamble's attempt to state a cause of action for legal malpractice.

■ Gamble alternatively argues that if the dismissal of the third-party complaint is upheld, the judgment should expressly reflect that the judgment is not intended to bar a subsequent action if such an action ripens. If Gamble does not succeed in the foreclosure action and a subsequent suit is brought against him by a qualified party, and Gamble wishes to then file a third-party action against Everett and his firm, Gamble should not be precluded from doing so based upon the April 19, 1989, order in the instant case. We conclude that the judgment here must be amended. We deem fairness to require amendment pursuant to Supreme Court Rule 366(a)(5) (107 Ill. 2d R. 366(a)(5)).

Accordingly, we amend the final sentence of the judgment appealed from, which states "and therefore grants third-party defend-

ants' motion to dismiss without leave to replead" to read "and therefore grants third-party defendants' motion to dismiss as premature and without prejudice to refiling if such cause of action should ripen."

Judgment modified and, as modified, affirmed.

HEIPLE, P.J., and SCOTT, J., concur.