Allen E. **ERTEL**, Plaintiff,

v.

**NATIONAL FIRE ADJUSTMENT COMPANY, INC. and Ronald Papa, and Nationwide Mutual Insurance Company, Defendants.**

**No. 89–CV–1570S.**

United States District Court, W.D. New York.

Nov. 18, 1993.

Christopher S. Noone, Hirsh & Tubiolo, Rochester, NY, for plaintiff.

Charles S. Carra, Damon & Morey, Buffalo, NY, for defendants.

## DECISION AND ORDER

SKRETNY, District Judge.

### *INTRODUCTION*

Presently before this Court is defendant National Fire Adjustment Company's and defendant Ronald J. Papa's motions for summary judgment.

Subject matter jurisdiction in this case is based on diversity of citizenship, 28 U.S.C. § 1332, as plaintiff is a resident of Pennsylvania, defendant National Fire Adjustment Co. ("NFA") is a New York corporation, defendant Ronald Papa is a New York resident, and defendant Nationwide Mutual In-

456

surance Company ("Nationwide") is an Ohio insurance company.

In support of this motion for summary judgment, defendants have submitted an Attorney's Affidavit of Charles S. Carra with exhibits ("Carra Aff.") and an attorneys' Affidavit of Charles S. Carra in reply ("Carra Reply"). In opposition to defendant's motion, plaintiff has submitted the attorney's affidavit of Christopher S. Noone ("Noone Aff.").

This Court has considered these submissions as well as oral argument held on Wednesday, October 27, 1993.

Having considered the facts of this case and for the reasons discussed below, this Court GRANTS defendant NFA's and defendant Papa's motions for summary judgment.

### FACTS

On December 6, 1987 plaintiff's office building in Williamsport, Pennsylvania caught fire and was destroyed. The records and office equipment used in plaintiff's law practice were likewise destroyed. Plaintiff was covered by an insurance policy with Nationwide. The policy provided that all claims had to be brought within one year of loss unless an extension was granted. Plaintiff hired NFA, an independent insurance adjustor, to negotiate his claim with Nationwide. Thereafter, negotiations between NFA's vice president Ronald Papa and Nationwide's adjustor Robert Swingle were commenced. Plaintiff instructed Papa to obtain all extensions of limitations period for the claim in writing.

Prior to the expiration of the limitations period, Papa orally requested and received a ninety-day extension from Swingle, which was granted. Papa confirmed the oral request with a letter. Prior to the expiration of the first extension, Papa orally requested an additional ninety-day extension from Swingle, again it was granted, and again Papa confirmed his request in writing. On April 18, 1989, Papa informed Swingle that a third extension would be needed whereupon Swingle replied that "there would not be a problem." Unlike the first two, this request was not confirmed by Papa in writing.

Following these events, Natalie Simons, a District Claims Manager at Nationwide, declared that plaintiff's representatives had failed to extend the limitations period and that the claim was time barred. Following the taking of such position, Nationwide then offered a substantially compromised settlement of $80,000.

Plaintiff filed this lawsuit on December 5, 1989 asserting causes of action against defendants NFA and Papa for negligence and against defendant Nationwide for breach of contract, bad faith, fraud and deceit. NFA and Papa filed a cross-claim against Nationwide claiming that Nationwide waived its statute of limitations defense by continuing to negotiate the insurance claim following the alleged expiration of the relevant time period and should, therefore, be estopped from asserting this defense in denying Plaintiff's insurance claim.

All dispositive and nondispositive motions were referred to Magistrate Judge Foschio. Plaintiff filed a motion for summary judgment against NFA and Papa. NFA and Papa thereupon filed a cross-motion for summary judgment against Nationwide on the waiver and estoppel claim. Thereafter, plaintiff filed a motion for summary judgment against Nationwide. Judge Foschio filed a Report and Recommendation on November 22, 1991. The parties then filed objections to Judge Foschio's Report and Recommendation. This Court filed a Decision and Order dated September 30, 1992 by which Judge Foschio's Report and Recommendation was accepted in its entirety. Relevant to the present motion was this Court's conclusion that Nationwide is estopped from asserting the expiration of the limitations period as a defense to the present action. This resolved the major issue which gave rise to this lawsuit. Specifically, this Court determined that Nationwide was obligated to fulfill its contractual obligations running to plaintiff under the insurance policy.

In addition, with respect to plaintiff's negligence claim against NFA and Papa, this Court held that material questions of fact exist as to the standard of care and whether or not NFA and Papa breached that standard (September 30, 1992 Decision and Or-

der, pp. 19–22). Thus, this Court determined there was an issue of fact as to liability. Plaintiff also asked this Court to rule that there was no material issue of fact as to the question of damages resulting from the alleged negligence, but this Court determined that consideration of such a question was premature because the liability had yet to be resolved. It is critical to note, however, that this Court was not called upon to consider whether defendants NFA and Papa were entitled to summary judgment on the negligence issue with respect to the fact that there was no material issue as to damages suffered.

### PARTIES' ARGUMENTS

Defendants NFA and Papa argue that there is no remaining issue of damages as to business loss interruption. This point is conceded by plaintiff's counsel (Noone Aff. ¶ 6). However, plaintiff argues that the "costs" it has incurred in maintaining this lawsuit are properly construed as damages. Defendant argues that the damages identified by plaintiff are not damages at all, more precisely, they are attorney's fees and costs (Carra Reply ¶¶ 6–7). Defendants claim that such costs alone cannot establish the damages element of a negligence cause of action. (Carra Reply ¶ 8). Defendants also cite to the well established "American Rule" that litigants are generally not allowed to recover their attorney's fees and costs against an opposing party. Defendants argue that application of this rule prevents a party from recovering costs absent a fee shifting statute or a finding that the defendants engaged in "wanton or vexatious conduct" a claim which plaintiff has not asserted (Carra Reply ¶ 6). Since neither of these conditions are present in the current case, defendants conclude that they are entitled to summary judgment.

In response, plaintiff's theory is that Papa's failure to abide by plaintiff's instructions that all extensions be reduced to writing provided Nationwide with the only grounds upon which it could and did deny plaintiff's claim for business interruption loss under the insurance policy, and was thus the sole precipitating factor for this lawsuit (Noone Aff. ¶ 5). Although plaintiff concedes that he is not entitled to a double recovery of business interruption losses, he asserts that he is entitled to recover the "considerable costs and fees associated with bringing this action" (Noone Aff. ¶ 6). Plaintiff's affidavit presents the following argument on this issue: "[i]f after trial this Court determines that the moving Defendants were *negligent,* then the damages incurred in maintaining this lawsuit can certainly be apportioned among all Defendants" (Noone Aff. ¶ 6) (emphasis added). At oral argument plaintiff's counsel unequivocally stated that he was not seeking attorney's fees as damages, but rather is only interested in recouping the costs related to maintaining this lawsuit such as filing fees, and the costs associated with discovery. Finally, plaintiff's counsel argued that although costs cannot normally be recovered under the American Rule, given the unique facts of this case, this Court should exercise its equitable powers to contravene the American Rule and permit recovery of these costs as damages in the present case.

### DISCUSSION

Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate where "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The burden is upon the moving party to demonstrate the absence of a material factual dispute. Fed.R.Civ.P. 56(e). Once that burden is met, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e). This Court must draw all reasonable inferences in favor of the non-moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970). Once the non-moving party has come forward with specific facts in support of his claim, "the question of what weight should be assigned to competing permissible inferences remains within the province of the fact-finder at a trial." *Apex Oil Co. v. Di Mauro,* 822 F.2d 246, 253 (2d Cir.) *cert. denied,* 484 U.S. 977, 108 S.Ct. 489, 98 L.Ed.2d 487 (1987). The function of the district court in considering a summary judgement motion is not to resolve disputed issues of fact but only to determine whether

there is a genuine issue to be tried. *Rattner v. Netburn,* 930 F.2d 204, 209 (2d Cir.1991). However, courts should not be reluctant to grant summary judgment in appropriate cases since "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims," *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986), thereby permitting courts to avoid "protracted, expensive and harassing trials." *Meiri v. Dacon,* 759 F.2d 989, 998 (2d·Cir.), *cert. denied,* 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985). Under these principles, summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an essential element of that party's case for which that party will bear the burden of proof. *Hodge v. Caterpillar, Inc.,* 1992 WL 98415 (E.D.Pa.1992) (citations omitted).

Jurisdiction in the present matter is based on diversity of citizenship. Because New York is the forum state, its choice of law rules must be applied to determine which state's substantive law controls. In his Report and Recommendation filed on November 22, 1991 which this Court adopted in its entirety, Magistrate Judge Foschio applied New York's choice of law rules and concluded that the substantive law of Pennsylvania is controlling in this matter. Therefore, Pennsylvania substantive law controls with respect to the present motion.

■ Defendants make the present motion seeking judgment on plaintiff's negligence cause of action asserted against them. It is generally viewed that there are four elements which a plaintiff must plead and prove to be successful in a cause of action sounding in negligence: (1) duty; (2) breach; (3) causation; and (4) damages. *Bailey v. Tucker,* 533 Pa. 237, 621 A.2d 108, 119 (1993) (Zappala, J., concurring). As plaintiff's claim appears to raise an issue of professional malpractice, it is significant to note that elements for a claim based on a theory of professional malpractice are the same as those for traditional types of negligence actions. *Id.* As to these elements, whether plaintiff can establish damages is the issue which underlies the present motion. In this

regard, it is clear, that "proof of damages is as crucial to a professional negligence action . . . as is proof of negligence itself." *Schenkel v. Monheit,* 266 Pa.Super. 396, 405 A.2d 493, 494 (1979). Thus, "[t]he mere breach of a professional duty, causing only nominal damages, speculative harm, or the threat of future harm—not yet realized—does not suffice to create a cause of action for negligence." *Id.* (citations omitted).

Although plaintiff concedes that he is not entitled to a double recovery of his business interruption losses, he argues that he has suffered damages as a result of defendants' alleged negligence. Specifically, plaintiff argues that he is entitled to recover the "considerable costs and fees associated with this action" as damages. At oral argument, plaintiff's counsel clarified that he is not seeking attorney's fees, but rather the other costs associated with bringing this action. Neither by his submissions or at oral argument has plaintiff identified any other "damages" which are attributable to defendants' alleged negligence. Therefore, this Court must determine whether these costs qualify as damages sufficient to support a negligence cause of action.

■ The commonly referred to American Rule is that each party to litigation must pay its own attorney's fees and costs. *Alyeska Pipeline Service Co. v. Wilderness Soc.,* 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975). Under this rule it is generally presumed that "damages" do not include attorney's fees and costs. *Summit Valley Industries, Inc. v. United Brotherhood of Carpenters and Joiners,* 456 U.S. 717, 722–723, 102 S.Ct. 2112, 2115, 72 L.Ed.2d 511 (1982). However, under certain circumstances, attorney's fees and costs may be recovered from an opposing party as damages. These exceptions fall into three general categories: (1) cases in which a statute or enforceable contract provides for an award of attorney's fees; (2) cases in which a prevailing plaintiff confers a common benefit upon a class or fund; and (3) where a party wilfully disobeys a court order or when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons. *F.D. Rich Co., Inc. v. United States,* 417 U.S. 116, 129–130, 94

S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974); *Raff v. Maggio,* 743 F.Supp. 147, 149 (E.D.N.Y. 1990) (citations omitted). The first two of these exceptions are not presented by the facts of this case, therefore, the sole question for this Court to consider is whether, as a matter or law, defendants' alleged conduct was sufficiently vexatious or oppressive to support an award of costs as damages.

The Supreme Court recognized this exception in *Vaughan v. Atkinson,* 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962). In *Vaughan* a seaman brought a suit in admiralty for maintenance and cure and for injury from the withholding of maintenance and cure when it was due. However, the seaman could show no injury caused by the withholding of the payments other than the attorney's fees and costs he incurred in bringing the suit. Applying the American Rule, the Fourth Circuit Court of Appeals refused to award costs and fees as an item of compensatory damages. *Vaughan v. Atkinson,* 291 F.2d 813, 815 (4th Cir.1961). However, the Supreme Court reversed that decision. The Court stated that because the plaintiff "was forced to hire a lawyer and go to court to get what was plainly owed him under laws that are centuries old," it was clear that the damages he was entitled to recover included his "necessary expenses." *Vaughan,* 369 U.S. at 530–31, 82 S.Ct. at 999 (citations omitted).

■ The *Vaughan* exception to the American Rule is commonly referred to as the "bad faith" exception. *Sierra Club v. U.S. Army Corps of Engineers,* 776 F.2d 383, 390 (2d.Cir.1985), *cert. denied, New York State Dept. of Transp. v. Sierra Club,* 475 U.S. 1084, 106 S.Ct. 1464, 89 L.Ed.2d 720 (1986); *Summit Valley Industries,* 456 U.S. at 721, 102 S.Ct. at 2114. Although *Vaughan* was an admiralty case, the exception it recognizes to the American Rule has not been narrowly construed, but rather has been treated as a general rule. *Alyeska,* 421 U.S. at 258–259, 95 S.Ct. at 1622. Under this exception, a prevailing party may recover attorney's fees where his opponent has "acted in bad faith, vexatiously, wantonly or for oppressive reasons." *F.D. Rich Co.,* 417 U.S. at 129, 94 S.Ct. at 2165 (citations omitted). Stated another way, the Second Circuit has indicated that attorney's fees and costs may be recovered where bringing the action "should have been unnecessary and was compelled by the [opposing party's] unreasonable, obdurate obstinacy." *Stolberg v. Members of the Board of Trustees,* 474 F.2d 485, 490 (2d Cir.1973) (citations omitted). As can be seen from the facts in *Vaughan,* the bad faith conduct may occur prior to the actual commencement of the lawsuit, and thus be the precipitating factor which leads to the lawsuit, or occur during the course of the litigation. *See Sierra Club,* 776 F.2d at 390 n. 5. Finally, it is also clear that this exception has survived the Supreme Court's resounding reaffirmation of the American Rule in *Alyeska. Skehan v. Board of Trustees,* 538 F.2d 53, 58 (3d.Cir.1976), *cert. denied, Board of Trustees v. Skehan,* 429 U.S. 979, 97 S.Ct. 490, 50 L.Ed.2d 588 (1976). Thus, attorney's fees and costs may, under the appropriate circumstances, be recovered as damages.

■ In the present case, the plaintiff has not alleged that the defendants engaged in conduct during the course of this litigation which constitutes bad faith. Rather, plaintiff argues that if it had not been for defendants' negligent failure to reduce the third extension from Nationwide to writing this lawsuit would not have been necessary. Plaintiff asserts that if after trial it is determined that defendants "were negligent in failing to obtain the subject third extension in writing, then damages incurred in maintaining this lawsuit can certainly be apportioned among all defendants" (Noone Aff. ¶ 6). Plaintiff clarified at oral argument that the damages he was referring to in this paragraph were his litigation expenses exclusive of attorney's fees. Thus, plaintiff has not alleged that defendant NFA or defendant Papa engaged in wanton or vexatious conduct or that their actions were obdurately obstinate. Rather, plaintiff has merely alleged that these defendants acted negligently. As such, the facts pleaded by plaintiff, even if assumed to be true, are insufficient to satisfy the bad faith exception to the American Rule. Further, there is no other recognized exception to the American Rule which would justify this Court exercising its "inherent equitable powers" to award plaintiff his litigation costs as damages under the circumstances of this

**460**

case. *See Eastway Constr. Corp. v. New York,* 762 F.2d 243, 253 (2d Cir.1985). Therefore, the costs plaintiff seeks to recover from defendant NFA and defendant Papa cannot be recovered as damages in this action.

### CONCLUSION

Having considered the facts of this case, and for the reasons explained above, it is the conclusion of this Court that defendant NFA and defendant Papa have met their burden of establishing that no material issue of fact exists with respect to the question of plaintiff's damages. Specifically, plaintiff has not alleged circumstances that would warrant an award of costs as damages even if the facts alleged were proven to be true. Furthermore, other than these costs plaintiff has failed to specify any other damages he has suffered as a result of defendants' allegedly negligent conduct. Therefore, this Court concludes that, as a matter of law, plaintiff's negligence cause of action must fail because he has not identified any recoverable damages he may be entitled to as a result of the alleged conduct of defendant NFA and defendant Papa.

### ORDER

IT HEREBY IS ORDERED that defendant NFA's and defendant Papa's motions for summary judgment are GRANTED.

SO ORDERED.