

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-6-2002

# Radman v. Gaujot

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2867

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Radman v. Gaujot" (2002). *2002 Decisions*. Paper 704.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/704

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No: 01-2867

————————

JOEL T. RADMAN,

Appellant

v.

PHILLIP GAUJOT, Esquire

————————————

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 00-cv-01415)
District Judge: Honorable Donetta W. Ambrose

————————————

Submitted Under Third Circuit LAR 34.1(a)
on June 13, 2002

Before:ROTH, RENDELL
and ROSENN, Circuit Judges

(Opinion filed:   November 5, 2002)

————————

ROTH, <u>Circuit Judge</u>

Appellant Joel T. Radman appeals the grant of summary judgment by the District Court for the Western District of Pennsylvania. This case involves a claim by Radman against Phillip Gaujot for legal malpractice which allegedly occurred in 1993. The statute of limitations for legal malpractice in tort is 2 years. *See* 42 Pa. C.S.A. § 5524. Radman asserts two issues on appeal: (1) The District Court erred in its application of the "discovery rule" and (2) the District Court erred in denying the claim that the fraudulent concealment doctrine tolled the statute of limitations.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 to review the district court's determination of summary judgment. The standard of review for reviewing grants of summary judgment is plenary. *Armour v. The County of Beaver, Pennsylvania*, 271 F.3d 417 (3d Cir. 2001). We must follow the same test as the District Court and find that there is no genuine issue as to any material fact in order to affirm the grant of summary judgment. F.R.C.P. 56(c).

Radman argues that the district court erred in its application of the "discovery rule" to the facts. Under Pennsylvania law, the plaintiff must file suit for legal malpractice within two years from the time the alleged malpractice is discovered. *Bailey v. Tucker,* 533 Pa. 237, 252 (1993). Pennsylvania follows the occurrence rule, according to which the statutory period begins upon the happening of the alleged breach of duty. *Garcia v.*

*Community Legal Servs. Corp.*, 362 Pa. Super. 484, 494 (1987). There is an exception, the "discovery rule," that tolls the statute of limitations until the time the plaintiff knows or should have known with the exercise of reasonable diligence that he sustained an injury. *Pocono Internat'l Raceway, Inc. v. Pocono Produce, Inc.*, 503 Pa. 80, 85 (1983); *Bohus v. Beloff*, 950 F.2d 919, 924 (3d Cir. 1991).

Radman's claim that the statute should have been tolled until he realized the amount of damages is an incorrect statement of the law. "[T]he occurrence and discovery exception...do not trigger the statute of limitations when the injured party is aware that the breach of duty resulted in actual damage. Rather, Pennsylvania law focuses on the happening of the breach and the injured party's awareness of that breach." *Hunter v. Jacoby & Meyer Law Officer*, 1996 WL 221759, at *3 (E.D. Pa. April 26, 1996); *see also*, *Sherman Indus., Inc. v. Goldhammer*, 683 F.Supp. 502, 508 (E.D. Pa. 1988) (finding the failure to file a complaint constitutes the breach giving rise to a claim for malpractice); *Ammon v. McCloskey*, 655 A.2d 549, 553 (Pa. Super.) (finding the judgment entered against a client constitutes a real damage). The District Court correctly relied on this rule of law in concluding that the happening of the breach and the injured party's awareness of the breach, not his knowledge of the resulting damage, is the focus of Pennsylvania law. Knowledge of the injury is enough to trigger the statute of limitations.

Radman had sufficient knowledge of the breach so as to trigger the statute of limitations. By Radman's own admission, he learned of the breach, and of the fact that it cost him prejudgment interest, in July 1993 when Gaujot sent Radman the letter informing

3

him of the court's denial of the request for delay damages. Additionally, Radman exercised no diligence in failing to pursue his claim for 6 years. Once the plaintiff is aware of the salient facts, his failure to exercise reasonable diligence in his investigation will not prevent the statute of limitations from running. *O'Brien v. Eli Lilly & Co.*, 668 F.2d 704, 710 (3d Cir. 1981).

Radman discusses "appreciable" harm as the standard for determining injury and the statute of limitations. However, this standard applies only to determining whether there is a cause of action for legal malpractice, not for the running of the statute of limitations. *Schenkel v. Monheit*, 266 Pa. Super 396, 405 (1979).

Finally, Radman claims that the statute should have been tolled due to fraudulent concealment. Gaujot did not, however, conceal the fact of the injury. It was apparent to Radman when he learned of the denial of delay damages in July 1993. Thus, the injury was not fraudulently concealed from Radman. *See Bohus*, 950 F.2d at 926.

For the foregoing reasons, we will affirm the judgment of the District Court.

4

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

＿＿/s/ Jane R. Roth＿＿
Circuit Judge