MURDOCK, Justice
(concurring in the result).
The pivotal point in the main opinion appears to be the following passage:
“The ‘tort was the same’ whether or not the Montgomery Advertiser was a party to the action, and the settlement [Tommy] Hand agreed to was in fact paid by the Montgomery Advertiser’s insurer; thus, there is no evidence indicating that Hand was prejudiced by the failure to name the Montgomery Advertiser as a defendant.”
131 So.3d at 605. I agree with the first statement included in this passage (before the semicolon), but not the latter statement. As a matter of law, however, I believe we must consider the latter statement to be inapposite.
As the main opinion aptly notes: “[W]e must presume that juries will follow the law, ... and it has long been the law in this State that a jury must calculate damages based on the evidence of injury, not the identity of the defendant and his or her presumed wealth.” 131 So.3d at 603. Here, the plaintiffs actual damage is the same regardless of who is named as a defendant. Further, for all that appears from the record in this ease with respect to the availability of a $5,000,000 liability policy, the named defendant is as fully able to pay a judgment for the plaintiffs actual damages as would be any other defendant. As the main opinion states: “ ‘[T]he failure to join the corporate employer should not have affected appellant’s damages’ ” resulting from a trial. 131 So.3d at 605 (quoting Schenkel v. Monheit, 266 Pa.Super. 396, 400, 405 A.2d 493, 494 (1979) (emphasis added)). In light of the foregoing, even if it would not be (as the main opinion asserts) “mere speculation to assume” that a higher settlement would have been reached if the Montgomery Advertiser had been named as a defendant, we must consider any such difference to be a function of the voluntary choice by the plaintiff, Tommy Hand, to resolve his case through a settlement process rather than proceeding to trial.
In addition, even if it would not be speculation to assume that a higher settlement would have been reached if the Montgomery Advertiser had been named as a defendant, it seems beyond peradventure to me that it would at least be speculation as to how much higher the settlement would have been. Again, however, even if this were not true, it would be improper for the reasons noted above and in the main opinion for this Court to base its decision in a case such as this on the notion that a different settlement was achieved because of the prospect that a different judgment for actual damage would have been awarded in a trial against a different type of defendant, at least where there is no difference shown in the ability of the plaintiff to collect such a judgment.