J-A21005-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| BEVERLY E. BROWN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CATHY S. BOYER, ESQUIRE AND BOYER, PAULISICK & EBERLE | |
| Appellees | No. 206 WDA 2017 |

Appeal from the Order Entered January 12, 2017
In the Court of Common Pleas of Butler County
Civil Division at No: 2014-10798

BEFORE:  BENDER, P.J.E., OLSON, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                          FILED MAY 18, 2018

Appellant, Beverly E. Brown, appeals from the January 12, 2017 order sustaining the preliminary objections of Appellees, Cathy S. Boyer ("Boyer") and Boyer, Paulisick & Eberle (collectively with Boyer, "Appellees") and dismissing Appellant's complaint with prejudice.  We reverse and remand.

Appellant sued Appellees for professional negligence and breach of contract based on Appellees' representation of her in her divorce action.[1]  As part of that representation, Appellees negotiated an agreed-upon division of marital assets (the "Agreement").  Pursuant to the Agreement, Appellant would receive, as an annuity, one-half of the marital portion of her ex-

––––––––––––––––––––––––––––––––

[1]  We have culled the relevant facts from the trial court's February 27, 2017 opinion.

husband's pension (the "Pension") from the Slippery Rock Borough. Second Amended Complaint, 5/2/16, at ¶ 12. The annuity was to begin upon the ex-husband's earliest retirement date and continue after his death. Id. Subsequently, the Pension plan administrator determined that Appellant could not receive the agreed-upon annuity because the Pension was not an ERISA[2] qualified plan. Id.[3] Appellant therefore claims she did not get what she bargained for under the Agreement. Appellant claims she would have negotiated a more favorable distribution of other marital assets had she known she would not receive the annuity. Id. at ¶ 24.

Appellant commenced this action by writ of summons on September 8, 2014 and filed her second amended complaint on May 2, 2016. Appellees filed preliminary objections on May 23, 2016, claiming Appellant failed to state a claim upon which relief could be granted.[4] The trial court conducted a hearing on December 22, 2016. On January 12, 2017, the trial court entered the order on appeal, which sustained Appellees' preliminary objections and dismissed Appellant's complaint with prejudice. This timely appeal followed.

_____

[2] Employee Retirement Income Security Act, 29 U.S.C.A. § 1001, et. seq.

[3] The Second Amended Complaint, in an apparent typographical error, contains two consecutive paragraphs numbered "12."

[4] See Pa.R.C.P. No. 1028(a)(4) ("Preliminary objections may be filed by any party to any pleading and are limited to the following grounds: [...] legal insufficiency of a pleading (demurrer)[.]").

The sole issue before us is whether the trial court erred in finding that Appellant failed to state a claim because the alleged damages were speculative. Appellant's Brief at 5.

> Our standard of review of an order of the trial court overruling or [sustaining] preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.
>
> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

Adams v. Hellings Builders, Inc., 146 A.3d 795, 798 (Pa. Super. 2016).

Appellant's contract and tort causes of action require proof of damages. Wachovia Bank, N.A. v. Ferrenti, 935 A.2d 565, 570-71 (Pa. Super. 2007);[5] CoreStates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa. Super.

_____

[5] "The elements of a legal malpractice action, sounding in negligence, include: (1) employment of the attorney or other basis for a duty; (2) failure of the attorney to exercise ordinary skill and knowledge; and (3) that such failure was the proximate cause of the harm to the plaintiff." Ferrenti, 935 A.2d at 570-71.

1999).[6]  The law provides:  "The mere breach of a professional duty, causing only [...] speculative harm [...] does not suffice to create a cause of action for [professional] negligence."  Wachovia, 935 A.2d at 571–72 (quoting Schenkel v. Monheit, 405 A.2d 493, 494 (Pa. Super. 1979)).

> However, the "[t]he test of whether damages are remote or speculative has nothing to do with the difficulty in calculating the amount, but deals with the more basic question of whether there are identifiable damages....  Thus, damages are speculative only if the uncertainty concerns the fact of damages rather than the amount."

Id. at 572 (quoting Rizzo v. Haines, 555 A.2d 58, 68 (Pa. 1989)) (emphasis added in Wachovia).

> The trial court reasoned as follows:

> In this case, the damages sought by [Appellant] are speculative at best.  The amount Appellant claims in damages in her Second Amended Complaint is that which she would receive under her ex-husband's Pension, in the event said Pension was available to her.  However, as previously stated, [Appellant's] ex-husband's pension would not have been available to her with or without [Boyer's] advice.  That is, no action or inaction of [Appellant's] counsel would have resulted in [Appellant's] ability to receive her ex-husband's Pension in any form.  Therefore, it is a remedy that is unavailable as a matter of law rather than as a result of any wrongdoing by counsel.

Trial Court Opinion, 1/12/17, at 4-5.

_____

[6]  "A cause of action for breach of contract must be established by pleading (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages."  Cutillo, 723 A.2d at 1058.

We disagree. Appellant has alleged that she received less than she bargained for in the Agreement due to counsel's erroneous advice. Said another way, she is seeking the difference between the amount she believed she would receive under the Agreement and the amount she actually received as a result of Appellees' alleged erroneous advice. Thus, she has alleged the fact of damages, and we agree with Appellant's assertion that the amount she expected to receive is easily ascertainable: begin with the value of her ex-husband's Pension as of his earliest retirement date, divide it in half, and multiply that amount by Appellant's life expectancy. Appellant's Brief at 15. We do not find that calculation to be overly speculative, and in any event, damages need not be calculated with mathematical precision. Wachovia, 935 A.2d at 572. At the very least, the issue is not so "free and clear of doubt" as to be disposed of on preliminary objections, as the trial court did here. Adams, 146 A.3d at 798.

The trial court reached a different conclusion because Appellant is not legally entitled to receive half of her ex-husband's Pension. We disagree, and conclude that Appellant's legal inability to receive the benefit of the Agreement is precisely the point. Appellant alleged Appellees committed malpractice by negotiating an agreement whose execution was impossible because Appellees failed to appreciate that the Pension was not an ERISA-qualified plan. Appellant alleges that she entered the Agreement based on Appellees' erroneous advice and received less than she bargained for because of

Appellees' error.  The trial court erred in concluding that Appellant failed to state a claim upon which relief can be granted.

For the foregoing reasons, we reverse the order sustaining Appellees' preliminary objections and remand for further proceedings.

Order reversed.  Case remanded.  Jurisdiction relinquished.

Judge Olson files a concurring statement in which Judge Stabile joins.

President Judge Emeritus Bender files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  5/18/2018